IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-00600-WDM-MJW

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, INC.,

    Plaintiff,

v.

D.R. HORTON, INC.–DENVER D/B/A D.R. HORTON–TRIMARK SERIES, *et al.*,

    Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on Defendants D.R. Horton, Inc.–Denver d/b/a D.R. Horton–Trimark Series (DRH) and American International Specialty Lines Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pennsylvania[1] (American) (collectively Defendants) Motion to Dismiss[2] Plaintiff's First Claim for Relief Under Fed. R. Civ. P. 12(b)(6) (Docket No. 25). After a review of the pleadings and the

---

[1] The Complaint erroneously lists AIG National Insurance Company as a defendant when the correct name of DRH's insurance company is American International Specialty Lines Insurance Company and National Union Fire Insurance Company of Pittsburgh, Pennsylvania.

[2] Initially, Defendants' Motion to Dismiss (Docket No. 25) moved for dismissal of Trinity's first claim for relief and stay of Trinity's first and second alternative claims for relief. The motion to stay was based on the existence of ongoing related litigation in state court. However, pending this Court's ruling on Defendants' motion, judgment entered in the state court litigation. On October 9, 2007, Defendants withdrew their motion to stay Trinity's first and second alternative claims for relief (Docket No. 71). Therefore, I only consider Defendants' motion to dismiss Trinity's first claim for relief.

parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion is granted.

## Background[3]

Defendant DRH acted as the developer and general contractor on the St. Andrews at Plum Creek residential development project (St. Andrews). American insured DRH while it engaged in these activities. As the general contractor, DRH hired subcontractors to complete work on the project. DRH and each subcontractor entered into an independent contractor agreement whereby each subcontractor agreed to list DRH as an additional insured on its general liability insurance policy. Of the twenty-nine subcontractors hired to work on St. Andrews, only four complied with this requirement. TDB Concrete, Inc. (TDB) was one of these four subcontractors. Plaintiff Trinity Universal Insurance Company of Kansas, Inc. (Plaintiff) insured TDB and, pursuant to TDB's request and the independent contractor agreement between TDB and DRH (the "Contract"), added DRH as an additional insured on TDB's general liability policy (the Policy).

DRH was sued for alleged workmanship deficiencies at St. Andrews. In that action, DRH asserted third-party claims against the St. Andrews subcontractors for breach of contract, breach of express warranty, contractual indemnification, common law indemnification, contribution, and negligence. Additionally, after DRH exhausted all of the benefits available to it under its general primary insurance policies, it sought

---

[3] All relevant facts are taken from the Complaint or Plaintiff's Response to the Motion to Dismiss.

PDF Final 2

insurance benefits from the subcontractor insurers who listed DRH as an additional insured pursuant to the independent contractor agreements.

In this action, Plaintiff seeks exemption from providing insurance benefits to DRH or, in the alternative, a declaration of what obligations it owes to DRH as an additional insured. First, Plaintiff seeks a declaratory judgement that the Contract is void *ab initio* because TDB entered into the agreement under duress (first claim for relief). Plaintiff argues that such a declaration requires Plaintiff be absolved from providing benefits to DRH because Plaintiff was not under a duty to add DRH as an additional insured. Alternatively, Plaintiff seeks a declaration of its rights and responsibilities under the Policy and additional insured endorsement (first alternative claim for relief). Finally, if Plaintiff should be found liable under the Policy, it seeks a declaration that it is liable only for DRH's "defense expense that represents a fair allocation to limits among all parties who are or may have been responsible for the payment of such defense costs" (second alternative claim for relief). (Compl. ¶ 38.)

## Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

Discussion

Defendants move for dismissal of Plaintiff's first claim for relief under Fed. R. Civ. P. 12(b)(6) based on three separate arguments: (1) Plaintiff does not have standing to maintain this action; (2) TDB and DRH settled the issue between them including all contract-based defenses and, therefore, Plaintiff may not raise issues related to the Contract in this action; and (3) the state court determined that the independent contractor agreements were not adhesion contracts and, therefore, collateral estoppel precludes Plaintiff's first claim for relief.

Defendants argue that Plaintiff does not have standing to bring a claim for duress. In particular, they argue that Plaintiff is not asserting its own legally protected rights as it was not a party to the Contract. Additionally, Defendants argue that Plaintiff does not have third-party standing. Plaintiff asserts that it has direct standing because the Contract "is the core of Trinity's" declaratory judgment action and "without that agreement, Trinity's alleged obligation to contribute to [DRH's] defense costs would not exist." I agree with Defendants.

"[A] party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Kowalski v.*

*Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). In this case, Plaintiff moves this Court for a declaration that the Contract is void *ab initio* because it was entered into under duress. However, a contract entered into under duress is not void but merely voidable and TDB, as the allegedly innocent party to the Contract, holds the right to void the a Contract. *DeJean v. United Airlines, Inc.*, 8369 P.2d 1153, 1160 (10th Cir. 1992) ("A contract made under duress is not void, but voidable." (citing *Miller v. Davis' Estate*, 122 P. 793, 796 (Colo. 1912) and Restatement (Second) of Contracts § 175 (1981))). Plaintiff is not a party to the Contract—let alone the innocent party—and, thus, has no legal right to contest the validity of the agreement. It cannot assert the right to declare the Contract void because that right belongs solely to TDB as the alleged innocent party to the Contract. *Id.* Therefore, I find that Plaintiff does not have standing to pursue a declaratory judgment action regarding the validity of the independent contractor agreement made between DRH and TDB (the Contract). As I find that Plaintiff does not have standing, I need not address Defendants' other arguments for dismissal.

Accordingly, it is ordered:

1. Defendants' Motion to Dismiss (Docket No. 25) is granted.
2. Plaintiff's first claim for relief, its claim for declaratory judgment regarding the validity of the contractor agreement between Defendant D.R. Horton, Inc.–Denver d/b/a D.R. Horton–Trimark Series and Plaintiff, is dismissed

with prejudice.

3. Plaintiff's first and second alternative claims for relief remain pending.

DATED at Denver, Colorado, on January 11, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge