IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00600-WDM-MJW

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, INC.

    Plaintiff,

v.

D.R. HORTON, INC.-DENVER, D/B/A D.R. HORTON – TRIMARK SERIES,
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,
TIG INSURANCE COMPANY,
TRAVELERS INDEMNITY INSURANCE COMPANY,
CONTINENTAL WESTERN INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,
MOUNTAIN STATES MUTUAL INSURANCE COMPANY,
NEW HAMPSHIRE INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
ASSURANCE COMPANY OF AMERICA,
MARYLAND CASUALTY COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
ZURICH SPECIALTIES LONDON LIMITED,
UNITED STATES FIDELITY & GUARANTY COMPANY,
ST. PAUL FIRE & MARINE INSURANCE COMPANY,
OHIO CASUALTY INSURANCE COMPANY,
TWIN CITY FIRE INSURANCE COMPANY,
UNION INSURANCE COMPANY,
INTERSTATE FIRE & CASUALTY COMPANY,
UNITED SECURITY INSURANCE COMPANY,
STATE FARM FIRE & CASUALTY COMPANY,
LANDMARK AMERICAN INSURANCE COMPANY,
AMERICAN STATES INSURANCE COMPANY,

TRUCK INSURANCE EXCHANGE,
ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY,
UNITED SECURITY INSURANCE COMPANY,
FULCRUM INSURANCE COMPANY N/K/A GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,
INDIAN HARBOR INSURANCE COMPANY,
ROYAL INDEMNITY COMPANY,
GENERAL ACCIDENT INSURANCE COMPANY,
FIREMAN'S FUND INSURANCE COMPANY,
CAPITOL INDEMNITY CORPORATION,
HAWKEYE SECURITY INSURANCE COMPANY,
MID-CENTURY INSURANCE COMPANY,
AMERICAN & FOREIGN INSURANCE COMPANY,
ROYAL INSURANCE COMPANY OF AMERICA,
LANDMARK INSURANCE COMPANY,
NAUTILUS INSURANCE COMPANY,
A.A.A. WATERPROOFING, INC.,
ARK CONSTRUCTION SERVICES, INC.,
B&D FOUNDATIONS, INC.,
BEMAS CONSTRUCTION, INC.,
BISCHOF & COFFMAN CONCRETE, LLC,
BISCHOF & COFFMAN CONSTRUCTION, LLC,
C&C SEAMLESS GUTTER COMPANY,
CONCRETE MANAGEMENT CORPORATION,
D&S LANDSCAPING, LLC,
DIBO EXCAVATING, INC.,
DOVE CREEK ENTERPRISES, INC.,
FRANK'S FINISH GRADING, INC.,
FRONTIER WATERPROOFING, INC.,
J&K PIPELILNE, INC.,
JEBCO HEATING & AIR CONDITIONING, INC.,
JM HARRISON MASONRY,
JOHNSON DIVERSIFIED, INC.,
JONES PLUMBING & HEATING, LLC,
KIEWIT WESTERN COMPANY CORPORATION,

KIOWA CREEK CONSTRUCTION,
INC., LEVEL MASONRY, INC.,
LINFORD BROTHERS GLASS COMPANY,
METROPOLITAN INSULATION SUPPLY COMPANY, INC. D/B/A METRO
SKYLINE INSULATION CORPORATION,
PATTONY EXCAVATING, INC.,
RC'S CONCRETE CORPORATION A/K/A MENDEZ CONCRETE &
FOUNDATIONS,
R.G. INSULATIONCOMPANY,
SNOW'S CONCRETE FORMING, INC.,
SPECIALIST PAINT,
SPRIGG CONSTRUCTION, INC.,
T&K PAINTING, INC.,
THE COOLER COMPANY, INC.,
THOMCO DRYWALL ENTERPRISES, INC., AND
Y-C CONCRETE OPTIONS, INC.,

Defendants.

---

# DEFENDANT EMPLOYERS MUTUAL CASUALTY COMPANY'S ANSWER TO CROSS CLAIM BY ST. PAUL FIRE & MARINE INSURANCE COMPANY

---

NOW COMES Defendant, Employers Mutual Casualty Company (hereinafter "EMC"), through undersigned counsel, Evans & Co., with its Answer to St. Paul Fire & Marine Insurance Company's ("St. Paul") Cross Claims Against D.R. Horton, Inc. - Denver, American Int'l Specialty Lines Ins. Co. and National Union Fire Ins. Co. of Pittsburgh, Pennsylvania and all Co-Defendants (Docket No. 219)("Cross Claim"),

and, pursuant to Rule 13 of the Federal Rules of Civil Procedure, avers as follows:

## GENERAL ALLEGATIONS

1. EMC incorporates as if set forth herein, its responses, answers and affirmative defenses as stated in *Employers Mutual Casualty Company's Answer to Amended Declaratory Judgment Complaint* and *Employers Mutual Casualty Company's Answer to Cross Claim by Travelers Indemnity Insurance Company*.

2. EMC lacks sufficient knowledge or information to answer the allegations in paragraph 2, and basing its denial on this ground, denies each allegation therein.

3. Admitted.

4. EMC admits only that the complaint in the underlying lawsuit was filed with allegations stated therein. EMC makes no response to the allegations in the underlying lawsuit, which have been denied.

5. EMC lacks sufficient knowledge or information to answer the allegations in paragraph 5, and basing its denial on this ground, denies each allegation therein.

6. EMC lacks sufficient knowledge or information to answer the allegations in paragraph 6, and basing its denial on this ground, denies each allegation therein.

7. EMC lacks sufficient knowledge or information to answer the allegations in

paragraph 7, and basing its denial on this ground, denies each allegation therein.

8.   EMC lacks sufficient knowledge or information to answer the allegations in paragraph 8, and basing its denial on this ground, denies each allegation therein.

9.   EMC lacks sufficient knowledge or information to answer the allegations in paragraph 9, and basing its denial on this ground, denies each allegation therein.

10.  EMC denies allegations that St. Paul attempts to incorporate in the allegations in paragraph 10 and each allegation therein.

11.  EMC lacks sufficient knowledge or information to answer the allegations in paragraph 11, and basing its denial on this ground, denies each allegation therein.

12.  EMC lacks sufficient knowledge or information to answer the allegations in paragraph 12, and basing its denial on this ground, denies each allegation therein.

13.  EMC lacks sufficient knowledge or information to answer the allegations in paragraph 13, and basing its denial on this ground, denies each allegation therein.

14.  EMC lacks sufficient knowledge or information to answer the allegations in paragraph 14, and basing its denial on this ground, denies each allegation therein.

15.  EMC lacks sufficient knowledge or information to answer the allegations in paragraph 15, and basing its denial on this ground, denies each allegation therein.

16. EMC lacks sufficient knowledge or information to answer the allegations in paragraph 16, and basing its denial on this ground, denies each allegation therein.

17. EMC lacks sufficient knowledge or information to answer the allegations in paragraph 17, and basing its denial on this ground, denies each allegation therein; answering further EMC denies any and all legal conclusions in paragraph 17.

18. EMC lacks sufficient knowledge or information to answer the allegations in paragraph 18, and basing its denial on this ground, denies each allegation therein.

19. EMC lacks sufficient knowledge or information to answer the allegations in paragraph 19, and basing its denial on this ground, denies each allegation therein.

20. EMC lacks sufficient knowledge or information to answer the allegations in paragraph 20, and basing its denial on this ground, denies each allegation therein; answering further EMC denies any and all legal conclusions in paragraph 20.

## FIRST CROSS CLAIM
(Equitable Contribution/Indemnity Against Plaintiff, Co-Defendant Insurers and Co-Defendant Subcontractors)

21. EMC incorporates as if set forth herein, its Answers to the allegations in paragraphs 1 through 20, as if set forth herein.

22. EMC denies that it has any obligation or is liable to St. Paul in any manner

23. EMC denies that it has any obligation to or is liable to St. Paul in any matter and denies any and all legal conclusions set forth in paragraph 23.

## SECOND CROSS CLAIM
### (Equitable Subrogation Against Plaintiff, Co-Defendant Insurers and Co-Defendant Subcontractors)

24. EMC incorporates as if set forth herein, its Answers to the allegations in paragraphs 1 through 23.

25. EMC denies that it has any obligation or is liable to St. Paul in any matter and denies any and all legal conclusions set forth in paragraph 25.

26. EMC denies that it has any obligation or is liable to St. Paul in any matter and denies any and all legal conclusions set forth in paragraph 26.

## THIRD CROSS CLAIM
### (Unjust Enrichment Against Plaintiff, Co-Defendant Insurers and Co-Defendant Subcontractors)

27. EMC incorporates as if set forth herein, its Answers to the allegations in paragraphs 1 through 26, as if set forth herein.

28. EMC lacks sufficient knowledge or information to answer the allegations in paragraph 28, and basing its denial on this ground, denies each allegation therein.

29. EMC denies the allegations set forth in paragraph 29 and denies that it has or had any obligation to D.R. Horton in the underlying lawsuit.

30. EMC denies the allegations contained in paragraph 30.

## FOURTH CROSS CLAIM
### (Claim for Declaratory Relief)

31. EMC incorporates as if set forth herein, its Answers to the allegations in paragraphs 1 through 30, as if set forth herein.

32. EMC denies the allegations and all legal conclusions contained in paragraph 32.

## FIRST AFFIRMATIVE DEFENSE

The Cross Claim fails to state a claim against EMC upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

St. Paul is barred from recovery of damages pursuant to the collateral source doctrine as set forth in C.R.S. § 13-21-111.6.

## THIRD AFFIRMATIVE DEFENSE

St. Paul's claims are barred by the terms of the insurance contracts.

## FOURTH AFFIRMATIVE DEFENSE

St. Paul's claims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

St. Paul is not the real party in interest and therefore is barred from suing EMC.

## SIXTH AFFIRMATIVE DEFENSE

St. Paul is not the proper party in interest to recover a portion of the damages requested.

## SEVENTH AFFIRMATIVE DEFENSE

Liability for St. Paul's damages, if any, must be allocated to any and all other insurance policies and/or insurers that have an obligation to Trinity and/or D.R. Horton, including both Trinity and D.R. Horton.

## EIGHTH AFFIRMATIVE DEFENSE

EMC incorporates by this reference all affirmative defenses asserted by the other Defendants insofar as they are applicable to this Defendant.

## NINTH AFFIRMATIVE DEFENSE

EMC reserves the right to amend its Answer to include additional Defenses or voluntarily withdraw Defenses, as discovery so reveals.

WHEREFORE, EMC, prays that St. Paul's cross claims be dismissed with prejudice, or in the alternative that judgment be entered thereon in favor of EMC, including court costs, expert witness fees, deposition costs and such further relief as the Court deems proper.

Respectfully submitted this 10th day of April, 2008.

/s/ Robert C. Evans
Robert C. Evans, Esq.
Colorado Bar # 30403
Evans & Co.
823 E. 4th Avenue
Durango, CO 81301
(970) 375-9301
Fax: (970) 375-9300

Attorneys for Employers Mutual Casualty Company

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April 2008, a true and correct copy of the foregoing **DEFENDANT EMPLOYERS MUTUAL CASUALTY COMPANY'S ANSWER TO ST. PAUL FIRE & MARINE INSURANCE COMPANY'S CROSS-CLAIMS** was sent electronically via CM/ECF to the following:

Richard L. Angell, Esq.
Derek C. Blass, Esq.
Zupkus & Angell, P.C.
McCourt Mansion
555 East 8th Avenue
Denver, Colorado 80203
rangell@zalaw.com
dblass@zalaw.com
Attorneys for Plaintiff

Peter J. Morgan
Baldwin & Carpenter, P.C.
1512 Larimer Street, #450
Denver, Colorado 80202
pmorgan@baldwin-carpenter.com
Attorney for National Fire & Marine Insurance Company

Marisa C. Ala
Palumbo Bergstrom, LLP
5655 South Yosemite Street, #201
Greenwood Village, Colorado 80111
mala@palumbolawyers.com
Attorney for AIG National Insurance Company, Inc.,
and D.R. Horton, Inc.

Joseph F. Bermudez
Suzanne M. Meintzer
Cozen O'Connor
707 17th Street, Ste. 3100
Denver, CO /80202
Telephone: (720) 479-3900
Fax: (720)479-3890
E-mail: jbermudez@cozen.com
E-mail: Smeintzer@cozen.com
Attorney for TIG Insurance Company

Nancy L. Pearl
Laura Trask Schneider
Pearl Canter Sterrenberg-Rose, LLC
999 Eighteenth Street
Suite 1850-South Tower
Denver, CO 80202
Phone: 303-825-1670
Fax: 303-825-1621
Email: npearl@pcsrlaw.com
Attorneys for Travelers Property
Casualty Insurance Company

Melissa Wiese Shisler
The Hustead Law Firm, P.C.,
4643 South Ulster Street
Regency Plaza One #1250
Denver, CO 80237-3334
303-721-5000
Fax: 303-721-5001
Email: mws@thlf.com
Attorneys for Continental Western
Insurance Company

Patrick Q. Hustead, Esq.
The Hustead Law Firm
4643 South Ulster Street, Suite 1250
Denver, CO 80237
(303) 721-5000

Vincent P. Tomkiewicz
Bollinger, Ruberry & Garvey
500 West Madison Street, Suite 2300
Chicago, IL 60661-2511
(312) 466-8000

Attorneys for Continental
Western Insurance Company