IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00600-WDM-MJW

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, INC.,

Plaintiff,

v.

D.R. HORTON, INC. et al.,

Defendants.

---

**ORDER REGARDING
D.R. HORTON, INC. - DENVER, AMERICAN INT'L SPECIALITY LINES INS. CO. AND
NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PENNSYLVANIA's
MOTION FOR LEAVE TO AMEND THE PLEADINGS PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 15
(DOCKET NO. 190)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' D.R. Horton, Inc. - Denver, American Int'l Speciality Lines Ins. Co. and National Union Fire Ins. Co. Of Pittsburgh, Pennsylvania's Motion for Leave to Amend the Pleadings Pursuant to Federal Rule of Civil Procedure 15 (Docket No. 190). The court has reviewed the motion and the responses (docket nos. 238, 239, 243, and 246) and joinders thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the

following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That the original Rule 16 Scheduling Order was entered by this court on October 2, 2007 (docket no. 67);

5. That in the original Rule 16 Scheduling Order this court set December 31, 2007, as the deadline to join parties or amend the pleadings;

6. That on January 18, 2008, this court entered a minute order (docket no. 115) vacating the deadlines in the Rule 16 Scheduling Order (docket no. 67) and setting a new Rule 16 Scheduling Conference for May 25, 2008, at 8:30 a.m.;

7. That no trial date has been set;

8. That very little, if any, discovery has taken place at this time;

9. Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is

generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

10. That no real prejudice can be shown by any of the opposing parties if this court were to allow the amendments;

11. That it would not be futile to allow the Amended Answer and Amended Cross Claims;

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' D.R. Horton, Inc. - Denver, American Int'l Speciality Lines Ins. Co. and National Union Fire Ins. Co. Of Pittsburgh, Pennsylvania's Motion for Leave to Amend the Pleadings Pursuant to Federal Rule of Civil Procedure 15 (Docket No. 190) is GRANTED;

2. That Defendants' D.R. Horton, Inc, - Denver, American Int'l Specialty Lines Ins. Co. and National Union Fire Ins. Co.'s Amended Answer and Amended Cross Claim Against Defendant Travelers Indemnity Insurance Company is accepted for filing as of the date of this Order;

3.  That each party shall pay their own attorney fees and costs for this motion.

Done this 15th day of April 2008.

                                              BY THE COURT

                                              s/ Michael J. Watanabe
                                              MICHAEL J. WATANABE
                                              U.S. MAGISTRATE JUDGE