**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Walker D. Miller**

Civil Action No. 07-cv-00600 WDM-MJW

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, INC.,

Plaintiff,

v.

D.R. HORTON, INC.--DENVER D/B/A D.R. HORTON--TRIMARK SERIES,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY,
ASSURANCE COMPANY OF AMERICA,
CONTINENTAL WESTERN INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,
FULCRUM INSURANCE COMPANY N/K/A GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,
INDIAN HARBOR INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
MARYLAND CASUALTY COMPANY,
MID-CENTURY INSURANCE COMPANY,
MOUNTAIN STATES MUTUAL CASUALTY COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,
ST. PAUL FIRE & MARINE INSURANCE COMPANY,
STATE FARM FIRE & CASUALTY COMPANY,
TIG INSURANCE COMPANY,
TRAVELERS INDEMNITY INSURANCE COMPANY,
TRUCK INSURANCE EXCHANGE,
TWIN CITY FIRE INSURANCE COMPANY,
UNITED SECURITY INSURANCE COMPANY,
UNITED STATES FIDELITY & GUARANTY COMPANY,
VALLEY FORGE INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
ZURICH SPECIALTIES LONDON LIMITED,

Defendants.

**CROSS-DEFENDANTS MID-CENTURY INSURANCE COMPANY AND TRUCK INSURANCE EXCHANGE'S MOTION TO DISMISS ALL CROSS-CLAIMS AGAINST MID-CENTURY INSURANCE COMPANY AND TRUCK INSURANCE EXCHANGE**

Cross-Defendants Mid-Century Insurance Company ("Mid-Century") and Truck Insurance Exchange ("Truck"), (collectively referred to as "these Cross-Defendants"), by and through their counsel, Marc R. Levy, of LEVY MORSE & WHEELER, PROFESSIONAL CORPORATION, submit their Motion to Dismiss All Cross-Claims Against Mid-Century Insurance Company and Truck Insurance Exchange pursuant to F.R.C.P. 12(b)(6) as follows:

## I. Introduction

Mid-Century and Truck recently reached a settlement agreement with Plaintiff Trinity Universal Insurance Company of Kansas, Inc. ("Trinity"), and D.R. Horton, Inc.—Trimark Series, American Int'l Specialty Lines Ins. Co. and National Union Fire Ins. Co. of Pittsburgh, PA (collectively, "D.R. Horton"). As a result of the settlement agreement, Trinity has dismissed all of its claims against Mid-Century and Truck, and D.R. Horton has dismissed all of its claims against Mid-Century.[1] Thus, Mid-Century and Truck remain in this action only as cross-defendants to cross-claims brought by: (1) Travelers Indemnity Insurance Company ("Travelers") [doc. no. 137]; (2) St. Paul Fire & Marine Insurance Company ("St. Paul") [doc. no. 219]; (3) United States Fidelity Guaranty Company ("USF&G") [doc. no. 285]; (4) Valley Forge Insurance Company ("Valley Forge") [doc. no. 447]; (5) National Fire Insurance Company of Hartford ("National Fire") [doc. no. 447]; and (6) Employers Mutual Casualty

[1] D.R. Horton did not plead any claims against Truck.

Company ("EMC") [doc. no. 468]. This Motion seeks an order from the Court dismissing all of the cross-claims brought against Mid-Century and Truck as moot, thereby resulting in the complete dismissal of Mid-Century and Truck from this action.

## II. Underlying Facts

1. Travelers has pled four cross-claims against Truck and Mid-Century. Specifically, in its cross-claim Travelers seeks: (1) Equitable contribution and indemnity to the extent that Travelers paid more than its pro-rata share of defense costs and indemnification obligations regarding the claims against D.R. Horton in Case Number 04CV1638 ("Underlying Lawsuit"); (2) Equitable subrogation to the extent that Travelers paid more than its pro-rata share of defense costs and indemnification obligations regarding the claims against D.R. Horton in the Underlying Lawsuit; (3) Unjust enrichment if Mid-Century or Truck breached a duty to defend and indemnify D.R. Horton in the Underlying Lawsuit, as Travelers alleges it paid some of the defense and indemnity costs regarding the Underlying Lawsuit; and (4) Declaratory judgment regarding Travelers rights and obligations for payment of defense fees, costs and expenses incurred in the defense of D.R. Horton in the Underlying Lawsuit in relation to the other insurers and subcontractors that had a duty to provide D.R. Horton with indemnity and defense arising out of the Underlying Lawsuit. *See*, Defendant Travelers Indemnity Insurance Company's Counterclaim Against Plaintiff And Cross Claims Against TIG And Continental Western And All Newly Named Defendants Identified In Plaintiff's Amended Declaratory Judgment Complaint [doc. no. 137], ¶¶ 18-29.

2. St. Paul has essentially pled the same cross-claims as Travelers. Specifically, St.

Paul seeks: (1) Equitable contribution and indemnity to the extent that St. Paul paid more than its pro-rata share of defense costs and indemnification obligations arising out of the Underlying Lawsuit; (2) Equitable subrogation to the extent that St. Paul paid more than its pro-rata share of defense costs and indemnification obligations arising out of the Underlying Lawsuit; (3) Unjust enrichment if Mid-Century and Truck breached a duty to defend and indemnify D.R. Horton in the Underlying Lawsuit, as St. Paul alleges it paid some of the defense and indemnity costs regarding the Underlying Lawsuit; and (4) Declaratory judgment regarding St. Paul's rights and obligations for payment of defense fees, costs and expenses incurred in the defense of D.R. Horton in the Underlying Lawsuit in relation to the other insurers and subcontractors that had a duty to provide D.R. Horton with indemnity and defense arising out of the Underlying Lawsuit. *See*, St. Paul Fire & Marine Insurance Company's Answer To Defendants D.R. Horton, Inc.—Denver, American Int'l Specialty Lines Ins. Co And National Union Fire Insurance Co. of Pittsburgh, Pennsylvania's Cross-Claim and Cross-Claims Against D.R. Horton, Inc.—Denver, American Int'l Specialty Lines Ins. Co And National Union Fire Insurance Co. of Pittsburgh, Pennsylvania And All Co-Defendants [doc. no. 219], ¶¶ 21-32.

3. USF&G's pled three cross-claims, which are very similar to Travelers' and St. Paul's cross-claims. Specifically, USF&G seeks: (1) Equitable contribution and indemnity regarding the defense costs and indemnification obligations associated with the claims against D.R. Horton in the Underlying Lawsuit[2]; (2) Equitable subrogation regarding the defense costs

[2]Unlike Travelers and St. Paul, USF&G's claim for equitable contribution/indemnity does not provide that USF&G made any payments towards the defense of D.R. Horton. *See*, Defendant

and indemnification obligations associated with the claims against D.R. Horton in the Underlying Lawsuit[3]; and (3) Declaratory judgment regarding USF&G's rights and obligations for payment of defense fees, costs and expenses incurred in the defense of D.R. Horton in the Underlying Lawsuit with relation to the other insurers and subcontractors that had a duty to provide D.R. Horton with indemnity and defense arising out of the Underlying Lawsuit.[4] United

---

United States Fidelity & Guaranty Company's Answer To Plaintiff's Amended Declaratory Judgment Complaint And Counter Claim Against Trinity Universal Insurance Company And Cross Claims Against D.R. Horton, Inc. –Denver, American Int'l Specialty Lines Ins. Co And National Union Fire Ins. Co. Of Pittsburgh, Pennsylvania And All Co-Defendants [Doc. No. 285], ¶¶ 14-16. Moreover, USF&G's Cross-Claim provides that USF&G did not make an indemnity payment to D.R. Horton because its insured subcontractor, Bemas Construction, settled with D.R. Horton prior to the commencement of the Underlying Lawsuit and USF&G's other insured subcontractor, Snows Concrete Forming, was dismissed from the Underlying Lawsuit without making an indemnity payment. *Id.*, at ¶¶ 12-13.

[3] USF&G's claim for equitable subrogation does not mention whether they made any payment towards the defense of D.R. Horton. *See*, Defendant United States Fidelity & Guaranty Company's Answer To Plaintiff's Amended Declaratory Judgment Complaint And Counter Claim Against Trinity Universal Insurance Company And Cross Claims Against D.R. Horton, Inc. –Denver, American Int'l Specialty Lines Ins. Co And National Union Fire Ins. Co. Of Pittsburgh, Pennsylvania And All Co-Defendants [Doc. No. 285], ¶¶ 17-19.

[4] Unlike Travelers and St. Paul, USF&G does not allege unjust enrichment. *See*, Defendant

States Fidelity & Guaranty Company's Answer To Plaintiff's Amended Declaratory Judgment Complaint And Counter Claim Against Trinity Universal Insurance Company And Cross Claims Against D.R. Horton, Inc. –Denver, American Int'l Specialty Lines Ins. Co And National Union Fire Ins. Co. Of Pittsburgh, Pennsylvania And All Co-Defendants [doc. no. 285], ¶¶ 14-21.

4. Valley Forge & National Fire filed their cross-claims together and only assert one cross-claim against Mid-Century and Truck. *See*, Valley Forge Insurance Company's And National Fire Insurance Company of Hartford's Answer To Amended Declaratory Judgment Complaint By Interlineation And Counter-Claim Against Trinity Universal Insurance Company of Kansas, Inc. And Cross-Claims Against All Co-Defendants. Specifically, Valley Forge & National Fire seek a declaratory judgment by the Court allocating what portion of the payment of defense costs incurred in the defense of D.R. Horton and the indemnification of D.R. Horton in the Underlying Lawsuit is attributed to them.[5] *Id.* at ¶¶ 12-18.

---

United States Fidelity & Guaranty Company's Answer To Plaintiff's Amended Declaratory Judgment Complaint And Counter Claim Against Trinity Universal Insurance Company And Cross Claims Against D.R. Horton, Inc. –Denver, American Int'l Specialty Lines Ins. Co And National Union Fire Ins. Co. Of Pittsburgh, Pennsylvania And All Co-Defendants [Doc. No. 285].

[5] Valley Forge and National Fire do not make claims for equitable subrogation and unfair enrichment. *See*, Valley Forge Insurance Company's And National Fire Insurance Company of Hartford's Answer To Amended Declaratory Judgment Complaint By Interlineation And Counter-Claim Against Trinity Universal Insurance Company of Kansas, Inc. And Cross-Claims

## III. Legal Authority and Arguments

5. The Court may dismiss a claim if the plaintiff fails to "state a claim upon which relief can be granted." F.R.C.P. 12(b)(6); ***Duarte v. Freeland, et al.***, 2007 WL 2790591, *3 (N.D.Cal. 2007)(dismissal is appropriate if the plaintiff cannot prove beyond a doubt any set of facts that would support a claim)(citing ***Abramson v. Brownstein***, 897 F.2d 389, 391 (9th Cir. 1990)).

6. A case is considered moot when a judgment would have no legal effect on the outcome of the controversy. *See*, ***Brown v. Colorado Dept. of Corrections***, 915 P.2d 1312, 1313 (Colo. 1996); *see also*, ***Colorado Citizens For Ethics In Government v. Committee for the American Dream***, 187 P.3d. 1207, 1213 (Colo. App. 2008).

7. The three elements necessary for unjust enrichment occur when: (1) defendant is benefited; (2) at the expense of another; and (3) and given the circumstances it would be unfair for defendant to not pay the other party for the benefit. *See*, ***Lawry, et al. v. Palm***, 2008 WL 2837781 at *11 (Colo. App. 2008); *see also,* ***Colorado Department of Transportation v. Brown Group Retail, Inc.***, 182 P.3d 687, 691 (Colo. 2008)(providing that in order to be unjustly enriched, defendant must have received a benefit at the expense of another).

8. All of the cross-claims referenced above (collectively, the "Cross-Claims") are moot because once the Court reaches a judgment regarding the claims in Trinity's complaint, specifically Trinity's request that the Court apportion liability among the parties, there will be no

---

Against All Co-Defendants.

reason for the Court to address the Cross-Claims as they also request apportionment of liability among the parties. *See*, Trinity's Amended Complaint.

9. In other words, once the Court allocates the portion of defense costs and indemnification of D.R. Horton in the Underlying Lawsuit among the parties pursuant to the action brought by Plaintiff Trinity, the Court will not need to address the Cross-Claim Plaintiff's claims for (1) declaratory judgment (because the allocations will have already been determined); (2) equitable contribution and indemnity (because the allocations will have already been determined and if Travelers or St. Paul contributed excess amounts towards the defense or indemnification of D.R. Horton, they may seek reimbursement from D.R. Horton); (3) equitable subrogation (because the allocations will have already been determined, and if Travelers or St. Paul contributed excess amounts towards the defense or indemnification of D.R. Horton they may seek reimbursement from D.R. Horton); and (4) unjust enrichment (because if Travelers or St. Paul contributed excess amounts towards the defense or indemnification of D.R. Horton, such funds were paid for the benefit of the Cross-Claim Plaintiff in order to avoid a bad faith violation, and Cross-Claim Plaintiff was not injured as it may seek reimbursement of excess payments from D.R. Horton.

10. Moreover, the interests of the Cross-Claim Plaintiffs would not be injured if the Court dismisses Mid-Century and Truck completely from this action. D.R. Horton has agreed that it will accept all risks involved should the Court apportion a greater amount of liability to Mid-Century and/or Truck than provided in their settlement payments to D.R. Horton. This means that D.R. Horton will not seek additional amounts from the other parties to compensate

for any loss it may have received by accepting the settlement with Mid-Century and Truck. *See,* Plaintiff's Limited Joinder In D.R. Horton's Response To Motion To Dismiss Of Defendant American Family For Lack Of Diversity Jurisdiction [doc. no. 575], ¶ 2. Consequently, once the Court determines the percentage of liability for each party, the Court will no longer need to determine apportionment of liability as requested in the Cross-Claims, and whether or not Truck and Mid-Century's settlement payment sufficiently covers its allocation of liability (if any) is not an issue due to D.R. Horton's agreement not to offset such loss against the other parties. Therefore, the Cross-Claims are moot and should be dismissed.

11. Additionally, dismissing all of the cross-claims against Truck and Mid-Century may eliminate issues regarding whether this action should be remanded to state court. Subject matter jurisdiction is being questioned because Plaintiff and Truck allegedly lack diversity as Truck is a resident of every state. *See*, Motion To Dismiss For Lack of Diversity Jurisdiction by Defendant American Family Mutual. Insurance Company [doc. no. 225]; Defendants/Cross-Complainants/Cross-Defendants D.R. Horton, Inc.—Denver D/B/A D.R. Horton—Trimark Series, American International Specialty Lines Ins. Co. And National Union Fire Ins. Co. of Pittsburgh, PA's Response To Motion To Dismiss Of Defendant American Family Mut. Ins. Co. For Lack of Diversity Jurisdiction [doc. no. 574]; Plaintiff's Limited Joinder in D.R. Horton's Response To Motion To Dismiss of Defendant American Family For Lack of Diversity Jurisdiction [doc. no. 575]. Therefore, by removing Truck from this action, the diversity issue may be resolved and spare the parties and judicial system from an economic loss of having to begin this action again in state court.

12. Finally, Mid-Century and Truck have paid D.R. Horton an amount of money that D.R. Horton has determined is sufficient to satisfy any liability on the part of Mid-Century and Truck. It would be unfair to force Mid-Century and Truck to stay in this action based on these Cross-Claims related to apportioning liability for payments due to D.R. Horton when Mid-Century and Truck have satisfied their payment due to D.R. Horton. Moreover, D.R. Horton provides in its Response to the Motion To Dismiss For Lack of Diversity Jurisdiction:

> *Should the cross-claims against Truck and Mid-Century be permitted to continue, future settlement negotiations will be significantly hampered as there would be no ability to secure a complete dismissal of any entity to this action while such cross-claims remain pending. The presence of these cross-claims virtually guarantees a trial in this action with up to 26 defendants.*

Defendants/Cross-Complainants/Cross-Defendants D.R. Horton, Inc.—Denver D/B/A D.R. Horton—Trimark Series, American Int'l Specialty Lines Ins. Co. And National Union Fire Ins. Co. Of Pittsburgh, PA's Response To Motion To Dismiss Of Defendant American Family Mutual Insurance Company For Lack Of Diversity Jurisdiction [doc. no. 574], p.7. Additionally, Plaintiff Trinity provides in its Limited Joinder to D.R. Horton's Response:

> *Truck and Mid-Century should now be able to be dismissed without fear of cross-claims from the other parties. An order to that effect from this Court would greatly assist in the settlement of this case as to all parties.*

Plaintiff's Limited Joinder In D.R. Horton's Response To Motion To Dismiss Of Defendant American Family For Lack of Diversity Jurisdiction [doc. no. 575], ¶ 4.

Wherefore, MID-CENTRUY INSURANCE COMPANY and TRUCK INSURANCE EXCHANGE respectfully requests that this Court dismiss for mootness all cross-claims against Truck and Mid-Century brought by: (1) Travelers Indemnity Insurance Company; (2) St. Paul Fire & Marine Insurance Company; (3) United States Fidelity Guaranty Company; (4) Valley Forge Insurance Company; (5) National Fire Insurance Company of Hartford; and (6) Employers Mutual Casualty Company, and such further relief as the Court deems proper.

Respectfully submitted this 18th day of September, 2008.

s/ *Marc R. Levy*
Marc R. Levy
LEVY, MORSE & WHEELER, P.C.
6400 S. Fiddlers Green Circle, Suite 900
Englewood, Colorado 80111
Telephone: (303) 796-2900
Facsimile: (303) 796-2081
mlevy@levymorsewheeler.com
*Attorney for Defendants Mid-Century Ins. Co. and Truck Ins.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2008, I electronically filed the foregoing **CROSS-DEFENDANTS MID-CENTURY INSURANCE COMPANY AND TRUCK INSURANCE EXCHANGE'S MOTION TO DISMISS ALL CROSS-CLAIMS AGAINST MID-CENTURY INSURANCE COMPANY AND TRUCK INSURANCE EXCHANGE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

| | |
|---|---|
| Marissa Ala, Esq.<br>Eric A. Seiken, Esq.<br>Palumbo Bergstrom, LLP,<br>5655 S. Yosemite Street<br>Suite 201<br>Greenwood Village, CO 80111<br>mala@palumbolawyers.com<br>eseiken@palumbolawyers.com<br>*Attorneys for D.R. Horton – Trimark*<br>*Attorneys for National Union Fire Ins.*<br>*Attorneys for American International* | Richard L. Angell, Esq.<br>Derek C. Blass, Esq.<br>Zupkus & Angell, P.C.<br>The McCourt Mansion<br>555 East Eighth Avenue<br>Denver, CO 80203<br>rangell@zalaw.com<br>dblass@zalaw.com<br>*Attorneys for Trinity Universal Insurance* |
| Joeseph F. Bermudez, Esq.<br>Suzanne M. Meintzer, Esq.<br>Cozen O'Connor<br>707 17th Street, Suite 3100<br>Denver, CO 80202<br>jbermudez@cozen.com<br>smeintzer@cozen.com<br>*Attorneys for TIG Insurance* | Nancy L. Pearl, Esq.<br>Laura Trask Schneider, Esq.<br>Miletich Pearl LLC<br>999 Eighteenth Street<br>Suite 1850 - South Tower<br>Denver, CO 80202<br>npearl@mplawllc.com<br>lschneider@mplawllc.com<br>*Attorneys for Travelers*<br>*Attorneys for United State Fidelity*<br>*Attorneys for St. Paul Fire & Marine* |
| Patrick Q. Hustead, Esq.<br>Melissa Shisler, Esq.<br>Connor Lee Cantrell, Esq.<br>The Hustead Law Firm<br>4642 South Ulster Street<br>Suite 1250<br>Denver, CO 80237<br>pqh@thlf.com<br>mws@thlf.com<br>tld@thlf.com<br>*Attorneys for Continental Western* | Vincent P. Tomkiewicz, Esq.<br>Bollinger Ruberry & Garvey<br>500 W. Madison, Suite 2300<br>Chicago, IL 60661<br>Vincent.tomkiewicz@brg-law.net<br>*Co-Counsel for Continental Western* |
| Christen A. Mattison, Esq. | Robert Collin Evans, Esq. |

| | |
|---|---|
| Timothy Michael Murphy, Esq.<br>Hall & Evans, LLC<br>1125 17th Street, #600<br>Denver, CO 80202<br>mattisonc@hallevans.com<br>murphyt@hallevans.com<br>*Attorneys for Valley Forge*<br>*Attorneys for Transcontinental* | Evans & Company<br>823 East 4th Avenue<br>Durango, CO 81301<br>revans@evanslawfirm.com<br>*Attorneys for Employers Mutual* |
| John M. Lebsack, Esq.<br>White & Steele, P.C.<br>Dominion Towers, North Tower<br>600 Seventeenth Street, Suite 600N<br>Denver, Colorado 80202<br>jlebsack@wsteele.com<br>*Attorneys for Indian Harbor* | Kevin F. Amatuzio, Esq.<br>Thomas H. Blomstrom, Esq.<br>Montgomery, Kolody, Amatuzio & Dusbabek<br>1775 Sherman Street, 21st Floor<br>Denver, CO 80203<br>kamatuzio@mkadlaw.com<br>tblomstrom@mkadlaw.com<br>*Attorneys for Fulcram* |
| Jane E. Young, Esq.<br>McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>1700 Broadway<br>Suite 1900<br>Denver, Colorado 80202<br>jyoung@mdmlawco.com<br>*Attorneys for Assurance Company*<br>*Attorneys for Maryland Casualty*<br>*Attorneys for Zurich American*<br>*Attorneys for Zurich Specialties* | L. Kathleen Chaney, Esq.<br>Gregg S. Rich, Esq.<br>Lambdin & Chaney, LLP<br>4949 South Syracuse Street, Suite 600<br>Denver, CO 80237<br>kchaney@lclaw.net<br>grich@lclaw.net<br>*Attorneys for American Family* |
| Jon F. Sands, Esq.<br>William B. Stanton, Esq.<br>Fisher Sweetbaum, & Levin, P.C.<br>1125 Seventeenth Street, Suite 2100<br>Denver, CO 80246<br>jsands@fslpc.com<br>wstanton@fslpc.com<br>*Attorneys for State Farm* | Robert C. Christensen, Esq.<br>Colliau Elenius Murphy Carluccio Keener & Morrow<br>405 Haward Street, Suite 600<br>San Francisco, CA 94105<br>Robert.christensen@cna.com<br>*Attorneys for National Fire Insurance Co of Hartford*<br>*Attorneys for Valley Forge* |
| Henry A. Sand, Esq.<br>Craig D. Johnson & Associates, P.C.<br>8 Garden Center<br>Broomfield, CO 80020<br>hsand@cdjlaw.com<br>*Co-Counsel for National Union Fire* | Joshua F. Bugos, Esq.<br>Brian J. Spano, Esq.<br>Rothgerber Johnson & Lyons, LLP<br>One Tabor Center, Suite 3000<br>1200 17th Street<br>Denver, CO 80202<br>jbugos@rothgerber.com<br>bspano@rothgerber.com |

| | *Attorneys for Liberty Mutual* |
|---|---|
| Katherine Taylor Eubank, Esq.<br>Fowler, Schimberg & Flanagan, P.C.<br>1640 Grant Street, #300<br>Denver, CO 80203<br>K_eubank@fsf-law.com<br>*Attorneys for Twin City Fire* | Ryan A. Williams, Esq.<br>Janet B. Martin, Esq.<br>Melissa A. Ogburn, Esq.<br>Lasater & Martin, P.C.<br>8822 South Ridgeline Blvd.<br>Suite 405<br>Highlands Ranch, CO 80129<br>ryan@LasaterandMartin.com<br>Janet@LasaterandMartin.com<br>Melissa@LasaterandMartin.com<br>*Attorneys for Mountain States* |
| Eric J. Strobel, Esq.<br>Hinshaw & Culbertson, LLP<br>333 South 7th Street<br>Suite 2000<br>Minneapolis, MN 55402<br>estrobel@hinshawlaw.com<br>*Attorneys for United Security* | |

***Original Signature on File at Levy, Morse & Wheeler, P.C.***

s/ *Marc R. Levy*
Marc R. Levy
LEVY, MORSE & WHEELER, P.C.
6400 S. Fiddlers Green Circle, Suite 900
Englewood, Colorado 80111
Telephone: (303) 796-2900
Facsimile: (303) 796-2081
mlevy@levymorsewheeler.com

*Attorney for Defendants Mid-Century Ins. Co. and Truck Ins.*