IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00600-PAC

TRINITY UNIVERSAL INSURANCE COMPANY of KANSAS, INC.,

       Plaintiff,

v.

D.R. HORTON, INC.- DENVER D/B/A D.R. HORTON- TRIMARK SERIES,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY,
ASSURANCE COMPANY OF AMERICAN,
CONTINENTAL WESTERN INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,
FULCRUM INSURANCE COMPANY N/K/A GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,
INDIAN HARBOR INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
MARYLAND CASUALTY COMPANY,
MID-CENTURY INSURANCE COMPANY,
MOUNTAIN STATES MUTUAL CASUALTY COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,
ST. PAUL FIRE & MARINE INSURANCE COMPANY,
STATE FARM FIRE AND CASUALTY COMPANY,
TIG INSURANCE COMPANY,
TRAVELERS INDEMNITY INSURANCE COMPANY,
TRUCK INSURANCE EXCHANGE,
TWIN CITY FIRE INSURANCE COMPANY,
UNITED SECURITY INSURANCE COMPANY,
UNITED STATES FIDELITY & GUARANTY COMPANY,
VALLEY FORGE INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
ZURICH SPECIALTIES LONDON LIMITED,

       Defendants.

___

# RECOMMENDATION OF SPECIAL MASTER TO GRANT MOTION FOR SUMMARY JUDGMENT Re: [538]

___

General Security Indemnity Company of Arizona ("GSINDA" hereafter) filed a Motion for Summary Judgment Re:[538] on August 20, 2008. Defendants D.R. Horton-Denver d/b/a/ D.R. Horton - Trimark Series, American International Specialty Lines Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("D.R.H. Insurers" hereinafter) filed a Limited Joinder Re: [552] confessing that "Horton does not have additional insured status under the Fulcrum Policy". Trinity Universal Insurance Company of Kansas, Inc. ("Trinity hereafter) filed a Response Re:[576] without affidavit which was joined by the following Cross-claimant insurance companies: National Fire Insurance Company of Hartford (NFIC) and Valley Forge Insurance Company (Valley Forge) Response Re: [580] and Travelers Indemnity Insurance Company, St. Paul Fire & Marine Insurance Company and United States Fidelity and Guaranty Company's Response Re: [ 593]; and Employers Mutual Casualty Company (EMC) Response [597].

GSINDA filed it's Reply Re: [ 593].

A hearing was heard on the Motion for Summary Judgment on October 29, 2008.

**Motion for Summary Judgment**

The Motion for Summary Judgment raises two issues: (1) The Fulcrum Insurance Company policy (GSINDA) issued to Pattony Excavating did not include an "Additional Insured" provision as to D.R. Horton. Horton and Cross-claimants do not have a derivative right to seek equitable contribution or indemnification because Horton was not a party to the Pattony

Excavating policy; (2) D.R. Horton failed to give notice of the underlying suit and failed to request Fulcrum tender a defense to the suit. By failing to give notice and tender of defense DRH insurers and Cross-claimants are barred from seeking contribution or indemnification from Fulcrum (GSINDA).

Horton filed a Limited Joinder to the Motion for Summary Judgment Re: [522] admitting that D.R. Horton "was not named as an additional insured under the Fulcrum policy issued to Pattony Excavating, Inc." and Fulcrum (GSINDA) "did not owe a duty to defend and/or indemnify D.R. Horton in the Underlying Action".

Trinity filed a response which was joined by NFIC, Valley Forge, Travelers, St. Paul; USF&G and EMC. The response does not dispute the facts set forth by GSINDA but alleges that the application for insurance by Pattony required that D.R. Horton; Capital Pacific Homes of Colorado, Inc. and Trimark Communities be additional insureds on the policy. It believed that additional discovery is needed to determine why the companies were not additional insureds under the issued policy. The responses do not deny that D.R. Horton failed to give notice to Fulcrum of the Underlying lawsuit and failed to request that Fulcrum provide a defense.

**BACKGROUND**

The St. Andrews at Plum Creek Condominium Association file a complaint against D.R. Horton, Inc. and its subsidiary corporations in the Douglas County District Court, State of Colorado. (Underlying Action) It alleged eight claims for relief because of defective design, development and construction of project. D.R. Horton required subcontractors to name D.R.Horton and its subsidiary corporations as "additional insured" in their liability policies. Upon the filing of the Underlying Action, Horton gave notice of the suit and tender of defense to some but not all of the subcontractors and their insurance companies. The DRH insurers defended the

Underlying Action and eventually settled with the plaintiff. It sought recovery from the subcontractor insurance companies for attorney fees and costs of defense. Trinity Universal Insurance Company of Kansas, Inc. filed this declaratory action to declare the Trinity contract void *ab initio* or "In the alternative, Trinity should be liable for only that portion of D.R. Horton's defense expense that represents a fair allocation to limits among all parties who are or may have been responsible for the payment of such defense costs." (¶ 170, Amended complaint). Cross-claimants, NFIC, Valley Forge, Travelers, St. Paul, USF&G and EMC request "...the Court to allocate all defense costs and any indemnification among all parties who had a duty to defend and/or indemnify D.R. Horton in the Underlying Lawsuit..."

Pattony Excavating did not include D.R. Horton or its subsidiaries as additional insureds in the Fulcrum policy. Pattony was not notified of the "Underlying Action" and there was no notice to tender a defense by D.R. Horton to Pattony. The first notice of the Underlying Action was after the settlement of the Underlying Action when Trinity Insurance named Fulcrum as a defendant in this case.

Subsequent to Underlying Action, Fulcrum Insurance Company is now known as General Security Indemnity Company of Arizona (GSINDA).

### STANDARD OF REVIEW

When considering a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Cortez v. McCauley, 438 F.3d 980, 988 (10th Cir. 2006).* A summary judgment can be granted only if there is no genuine issue of any material fact. *Hutchinson v. Pfiel, 105 F.3d 562, 564 (10th Cir. 1997).*

### DISCUSSION

**A. D.R. Horton and its subsidiaries were not named as an additional insured in the Pattony Excavation Policy.**

All of the insurance companies have a copy of the Fulcrum Insurance Company (GSINDA) policy and the Helewa affidavit attached to the Motion. D.R. Horton has joined in the Motion for Summary Judgment admitting that it is not named as a additional insured therefore "Fulcrum did not owe a duty to defend and/or indemnify D.R. Horton in the Underlying Action." It is an undisputed fact that the Fucrum (GSINDA) policy does not insure D.R. Horton. No evidence contrary has been provided by affidavit or at the hearing on the Motion.

The Colorado Supreme Court has held that an insurance company cannot seek contribution from another insurance company where the second policy does not cover the party of the first insurance company and does not insure the same risk. *Republic Ins. Co. v. U.S. Fire Insurance Co., 166 Colo. 513, 516, 444 P.2d 868,870 (Colo. 1968); National Cas. Co. v. Great Southwest Fire Ins. Co., 833 P.2d 741, 747-48 (Colo. 1992).*

Trinity and the Cross-claimants in their response to the Motion for Summary Judgment do not provide any disputed facts nor do they provide an affidavit as required by Rule 56 setting forth specific facts showing a genuine issue at trial. *Elephant Butte Irr. Dist. Of New Mexico v. U.S. Dept.of Interior, 538 F.3d 1299,105-06 (10th Cir. 2008).* Trinity argues that it is entitle to discover "why" D.R. Horton was not named as an additional insured. The question is immaterial as to Motion. D.R. Horton is the party seeking contribution for it's attorney fees and it admits that Fulcrum (GSINDA) has no duty to defend and DRH insurers are not entitled to contribution from GSINDA. There being no factual dispute that D.R. Horton and its subsidiary corporations were not additional insureds in the Fulcrum (GSINDA) policy, the Motion for Summary Judgment should be granted.

**B. Breach of policy condition defenses.**

The Fulcrum policy contains the following provisions:

**SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS**
**\* \* \***
**2. Duties in the Event of Occurrence, Offense, Claim or Suit**
**a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.**
**b. If a claim is made or "suit" is brought against any insured, you must:**
**(1) Immediately record the specifics of the claim or "suit" and the date received; and**
**(2) Notify us as soon as practicable.**
**You must see to it that we receive written notice of the claim or "suit" as soon as practicable.**
**c. You and any other involved insured must:**
**(1) Immediately send us copies of any demands, summonses or legal papers received in connection with the claim or "suit".**
**\* \* \***
**d. No insured will, except at that insured's own cost, voluntarily make a payment, assume and obligations, or incur any expense, other than for first aid, without or consent.**
**3. Legal Action Against Us**
**No person or organization has a right under the Coverage Part:**
**\* \* \***
**a. To sue us on this Coverage Part unless all of its terms have been fully complied with.**

The undisputed facts are that D.R. Horton did not notify Pattony Excavating or Fulcrum Insurance Company of the underlying case or tender of defense to Fulcrum. Horton defended the Underlying Action and settled the case. Trinity Insurance Company did receive tender of defense from Horton. After the Underlying Action was settled, Trinity commenced the present action that it insurance Agreement with Horton be declared void *ab initio* or in the alternative "... declare that Trinity is only liable for that portion of D.R. Horton's defense expense that represents a fair allocation to limits among all parties who are or may have been responsible for the payment of such defense costs." Fulcrum is a named defendant. The service of the Trinity complaint and summons was the first notice to Fulcrum of the underlying suit. Horton has not asserted any

claims Fulcrum. At the Motion Hearing, Trinity concurs that if there was no notice or tender of defense to Fulcrum it would be a basis for summary judgment. Trinity nor the Cross-claimants have submitted an affidavit contesting the undisputed fact that Fulcrum was first notified of the underlying action after the settlement of the Underlying Action.

In *Friedland v. The Travelers Indemnity Company, 105 P.3d 639 (2005)*, Travelers Indemnity Company was not given notice of an underlying lawsuit until the case was settled. Friedland sought compensation for defense and indemnification of the underlying suit. The Court held at page 648:

> "However. In a case such as the one before us, where notice is not given until after settlement, we must assume that the insurer had none of these opportunities [adequate opportunity to investigate, present legitimate defenses and be involved in settlement]; prejudice must be presumed."
> ***
> " In so holding, we adopt the standard Justice Quinn urged in his *Marez* dissent: (1) there is a presumption of prejudice to the insurer in instances where the insured provides notice after disposition of the liability of the case, (2) the insured has the burden of going forward with evidence to dispel this presumption, (3) if such evidence is presented, the presumption loses any probative force it may have, and (4) it is then up to the insurer to go forward with the evidence that actual prejudice existed. *Marez, 638 P.2d at 292-93.*"

If Horton had been the insured under the Fulcrum policy, it breached the contract and is barred from recovery. Horton joined in the Motion for Summary Judgment because GSINDA does not owe a duty to Horton. Trinity and the Cross-claimants joining the response have not contested the issue of presumed prejudice by their responses or at the motion hearing therefore the presumption of prejudice is not disputed. Pursuant to *Friedland, supra 6*48, Horton is barred from recovery from the Fulcrum (GSINDA) policy.

The Cross-claimants seek allocation among parties having a duty to defend/or indemnify Horton in the Underlying Action. GSINDA has no duty to Horton therefore the Cross-claims must be dismissed.

Fulcrum also argues that the Voluntary Payments Clause (2.d) also prohibits recovery of any claim without the necessity of showing prejudice. Fulcrum has established a presumption of prejudice which makes the issue moot.

## CONCLUSION

There being no dispute of facts, GEICEO has established the following: (1) D.R. Horton, Inc. and its subsidiary corporations were not additional insureds under the Fulcrum Insurance Policy; (2) If there was coverage, D.R. Horton and it's insurers are barred from enforcing the GSINDA policy because of late notice. The Amended Complaint of Trinity against Fulcrum and the cross-claims by Travelers, St. Paul, USF&G, Valley Forge, NFISC, and EMC against Fulcrum should be dismissed.

**IT IS RECOMMENDED: The Motion for Summary Judgment [538] by General Security Indemnity Company of Arizona should be granted and judgment enter dismissing the Amended Complaint of Trinity Universal Insurance Company of Kansas, Inc. [101]; Cross-claims of Travelers Indemnity Insurance Company [137]; St. Paul Fire and Marine Insurance Co. [219]; United States Fidelity and Guaranty Insurance Company [285]; Valley Forge Insurance Company and National Fire Insurance Company of Hartford [447] and Employers Mutual Casualty Company [ 468].**

Done this 28th day of November, 2008.

BY THE COURT

_____

/s/     Donald E. Abram, Special Master