# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00600-PAD-MJW

TRINITY UNIVERSAL INSURANCE COMPANY of KANSAS, INC.,

       Plaintiff,

v.

D.R. HORTON, INC.- DENVER D/B/A D.R. HORTON- TRIMARK SERIES,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY,
ASSURANCE COMPANY OF AMERICAN,
CONTINENTAL WESTERN INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,
FULCRUM INSURANCE COMPANY N/K/A GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA,
INDIAN HARBOR INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
MARYLAND CASUALTY COMPANY,
MID-CENTURY INSURANCE COMPANY,
MOUNTAIN STATES MUTUAL CASUALTY COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,
ST. PAUL FIRE & MARINE INSURANCE COMPANY,
STATE FARM FIRE AND CASUALTY COMPANY,
TIG INSURANCE COMPANY,
TRAVELERS INDEMNITY INSURANCE COMPANY,
TRUCK INSURANCE EXCHANGE,
TWIN CITY FIRE INSURANCE COMPANY,
UNITED SECURITY INSURANCE COMPANY,
UNITED STATES FIDELITY & GUARANTY COMPANY,
VALLEY FORGE INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
ZURICH SPECIALTIES LONDON LIMITED,

       Defendants.

_____

# RECOMMENDATION OF SPECIAL MASTER TO GRANT

# MOTION TO DISMISS D.R. HORTON, INC

# FIFTH CLAM FOR RELIEF [DOC. 296]

___

Defendant State Farm Fire & Casualty Company (hereinafter State Farm) filed a Motion to Dismiss Cross-Claimant D.R. Horton, Inc.- Denver's Fifth Claim for Relief (Violation of the Colorado Consumer Protection Act.)(hereinafter CCPA) [Doc. 296]. D.R. Horton Inc. (hereinafter Horton) filed a Response. [Doc. 353] State Farm filed a Reply [Doc. 385] The parties have agreed that the Motion may be decided without hearing.

## I. BACKGROUND

Horton was the general contractor of the residential condominium project known as St. Andrews at Plum Creek Condominiums located in Castle Rock, Colorado. (St. Andrews). In 2004, the St. Andrews Homeowners Association filed a civil complaint in Douglas County District Court Case No. 04CV1638 against Horton for alleged defects and deficiencies in the construction of the St. Andrew's project. Horton then filed a Third Party Complaint against multiple subcontractors on the St. Andrew's project including Level Masonry, Inc. State Farm provided Commercial General Liability Insurance for Level Masonry. Horton reached a settlement with Level Masonry and on April 20, 2007 the court entered its Order dismissing Horton's claims against Level Masonry *with prejudice.* Horton defended the Underlying Action and subsequently settled with the St. Andrew's. It then demanded indemnification or contribution from the subcontractor's insurance companies.

Trinity Universal Insurance Company of Kansas, Inc. filed this present declaratory action to determine which insurance companies have a duty of indemnification or contribution to the defense costs incurred by the Horton's insurers for defending the Underlying Action and to

allocate the amount that each insurance company must pay. Horton and its insurers American Int'l Specialty Lines Ins. Co. and National Union Fire Ins. Co. Of Pittsburgh, Pennsylvania (DRH Insurers) filed a Cross-claim [Doc. 190] against State Farm and seven other insurance companies alleging that the companies had the duty to defend and indemnify Horton for claims asserted against it in the Underlying Action. The Fifth Claim for Relief alleges a violation of the Colorado Consumer Protection Act at ¶¶ *119-123* against all eight insurance companies. It does not allege any specific violation of the act by each company. At ¶ 122 it alleges a violation of the Colorado Consumer Protection Act (CCPA) which prohibits an insurance company in the course of business from failing to acknowledge or act reasonably promptly upon communication with respect to claims arising under insurance policies.

## II. MOTION TO DISMISS

The Motion to Dismiss raises the following issues: (1) Horton has failed to allege facts sufficient to support a claim of violation of any provisions of CRS §6-1-105 of the CCPA; (2) Horton has failed to allege facts supporting the "public impact" requirement of the CCPA because the allegations allege a private dispute between Horton and State Farm.

## III. STANDARD OF REVIEW

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.". *Bell Atlantic Corp. V. Twombly,* 540 U.S.544, 127 S.Ct. 1955, 1974 (2007). A court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court,* 87 F.3d 1161,1164 (10th Cir. 1996).

## IV. DISCUSSION

Horton's Fifth Claim for Relief alleges a violation of the Colorado Consumer Protection Act (CCPA) against eight insurance companies which included State Farm. In paragraphs 25 through 31 of the Amended Cross-claim, Horton sets forth the undisputed facts that State Farm issued a general liability insurance policy to Level Masonry, a subcontractor. The policy named Horton as an additional insured. On July 21, 2004, Horton tendered its defense and indemnification for the Underlying Action to Level Masonry. State Farm, as Level Masonry's insurer did not contribute to the defense of Horton in the Underlying Action.

Horton in the Fourth Claim for Relief alleges "Breach of Insurance contract in Violation of Good Faith and Fair Dealing" and generally lists in ¶ 113 nine acts of a breach of contract by the eight insurance companies. All of the acts are based upon the failure of the insurance companies to defend in the Underlying Action.

Horton's Fifth claim for Relief alleges a violation of the of the Colorado Consumer Protection Act (CCPA) against the eight insurance companies which includes State Farm. Horton states:

> ¶ 122. The acts/omissions of the Cross-Defendants are in violation of the Colorado Consumer Protection Act ("CCPA"), which prohibits an insurance company in the course of its business from, among other things, failing to acknowledge or act reasonably promptly upon communications with respect to claims arising under insurance policies. C.R.S. § 10-3-1104 [Unfair Competition-Deceptive Practices Act ("UCDPA")] Further, an insurance company's duties are broader than the obligation not to delay or withhold payment unreasonably, and these duties extend to the entire relationship between the parties....
>
> ¶ 123. The Cross-Defendants, and each of them, violated of the CCPA as follows:
>    a. Cross-Defendant, and each of them engaged in unfair or deceptive trade practices as defined by the CCPA, as described above;
>                            * * *
>    c. The significant and widespread challenged practice significantly impacts the public as actual or potential consumers of the Cross-Defendants' services in that a number of consumers were not of the same level of sophistication as were the Cross-Defendants, and did not have comparable

> bargaining power, and such conduct by the Cross-Defendants has and will have future impact on yet other consumers, since the Cross-Defendants have sold and continue to sell insurance policies in Colorado;
>
> d. The conduct of the Cross-Defendants was fraudulent, willful, knowing and/or intentional and such conduct falsely misled and/or concealed information which caused injury to D.R. Horton;
>
> * * *

A. <u>Failure to State a Claim under the CCPA.</u>

No where in the Cross-Claim does Horton factually specify a violation by State Farm of C.R.S. §6-1-105 or §113. In order to bring a claim under the CCPA, Horton must show: "(1)that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff' injury." <u>Anderson v. State Farm Mutual Automobile Insurance Company,</u> 416 F.3d 1143, 1148 (10th Cir. 2005) *citing* <u>Rhino Linings USA, inc. v. Rocky Mountain Rhino Lining, Inc., 62 P.3d 142, 47 (Colo.2003).</u> Horton in its response to the Motion to Dismiss acknowledges that "D.R. Horton must show that the defendant engaged in an unfair or deceptive trade practice. Colo. Rev. Stat. § 6-1-105 (1) lists various deceptive trade practices as examples that would form the basis for such a claim for relief." *** "Therefore, *assuming arguendo* that D.R. Horton did not sufficiently allege one of the exemplar deceptive trade practices as enumerated in the relevant statute, D.R. Horton may still bring a CCPA claim against State Farm". The Colorado Court of Appeals in <u>Coors v. Security Life of Denver Insurance Company, 91 P.3d 393, 400</u> App.2003), *aff'd in part and rev'd in part on other grounds* <u>112 P.3d 59, 63-64 (Colo. 2005)</u> specifically rejected such an argument when it stated "The plain language of the statute expresses that, although an action brought under the CCPA must be for a deceptive trade

practice expressly enumerated in § 6-1-105(1), conduct not expressly enumerated may be actionable as an unfair trade practice under a different legal theory or statute, ..." Judge Daniel in *Naubert v. ACE Property and Casualty Insurance Company,* 2005 WL 2085544 (D. Colo) held:

> The *Hall* court stated the first step in proving a CCPA claim "requires the plaintiff to establish conduct by the defendant that constitutes a deceptive trade practice." *Hall,* 969 P.2d at 224, 234. The Colorado supreme court specifically referenced § 6-1-105 as "identifying and defining deceptive trade practices". *Id* at 234. Here I find Plaintiff's conclusory statement, ACE "committed deceptive trade practice" because he violated does not meet this burden, as none of the UCDPA does not meet this burden, as none of the UCDPA provisions which were allegedly violated by Defendants appears in § 6-1-105. I further find no language in the CCPA providing that a UCDPA violation constitutes a *per se* violation of CCPA."
> * * *
> Lastly, to the extent Plaintiff relies upon *Showpiece Homes Corp. V. Assurance Co. Of America,* 38 P.3d 47, 52 (Colo. 2001), to support his contention he may look outside § 6-1-105 for a deceptive trade practice, I find such argument is without merit. See *Coors,* 91 P.3d at401."

Horton has also failed to plead with particularity a violation of the CCPA by State Farm as required by Fed.R.Civ.P. 9(b). *Duran v. Clover Club Foods Co.,* 616 F. Supp. 790 (D.Colo. 1985); *Cavit Medical Technologies, Inc.v Aetna, Inc.*, 2006 WL 218018 * 3 (D. Colo.) Krieger, J.

Horton has failed to plead facts that establish a plausible claim under the CCPA against State Farm in the Fifth Claim for Relief.

B. CCPA Requires a Public Wrong.

The only allegation in the Cross-Complaint that mentions a public wrong is a general allegation against all eight insurance companies in ¶ 123(c). It states: "The significant and widespread challenged practice significantly impacts the public as actual or potential customers of the Cross-Defendants' services ...".

Where an alleged wrong is private in nature and does not affect the public, there is no cause of action under the CCPA. *Martinez v. Lewis,* 969 P.2d 213, 221 (Colo. 1998). The Colorado Supreme Court has outlined the allegation and facts required in order to establish a

public wrong in <u>Rhino Linings USA, Inc.v.Rocky Mountain Rhino Lining, Inc., 62 P.3d 142, 149 (Colo. 2003)</u>:

> "These considerations include (1) the number of consumers directly affected by the challenged practice; (2) the relative sophistication and bargaining power of the consumers affected by the challenged practice, and (3) evidence that the challenged practice has previously impacted other consumers or has the significant potential to do so in the future." *citing* <u>Martinez, supra.</u>

This court and the state courts have consistently held that general allegations of public wrong as pled by Horton in this case do not meet the requirements of the CCPA. <u>Rhino Linings USA, Inc., supra; Coors, supra aff'd 112 P.3d at 63-64; Naubert, supra (Wiley, J.); Voss, supra;(Wiley,J) Cavit Medical Technologies, Inc., supra;(Krieger, J.); Miller v. Lewis, 2006 WL 894901 (D. Colo)(Miller, J.); North River Insurance Company v. Bishop of Pueblo, 2008 WL 280842 (D. Colo)(Miller, J.).</u>

## V. CONCLUSION

The Fifth Claim for Relief fails to state facts and claims plausible on its face against State Farm Fire & Casualty Company under the Colorado Consumer Protection Act. It fails to allege facts sufficient to establish a deceptive practice violation under C.R.S. § 6-1-105(1). It further fails to allege facts sufficient to establish a public wrong. Horton's claim is for a private breach of contract.

**It is recommended that Defendant State Farm Fire & Casualty Company's Motion to Dismiss Cross-Claimant D.R.Horton, Inc.-Denver's Fifth Claim for Relief (Doc. 296) be granted and it recover its costs.**

Done this 4th day of December, 2008.

BY THE COURT:

s/Donald E. Abram

Donald E. Abram, Special Master