IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00600-WDM-MJW

TRINITY UNIVERSAL INSURANCE COMPANY of KANSAS, INC.,

       Plaintiff,

v.

D.R. HORTON, INC.- DENVER D/B/A D.R. HORTON- TRIMARK SERIES,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY,
ASSURANCE COMPANY OF AMERICAN,
CONTINENTAL WESTERN INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,
FULCRUM INSURANCE COMPANY N/K/A GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,
INDIAN HARBOR INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
MARYLAND CASUALTY COMPANY,
MID-CENTURY INSURANCE COMPANY,
MOUNTAIN STATES MUTUAL CASUALTY COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,
ST. PAUL FIRE & MARINE INSURANCE COMPANY,
STATE FARM FIRE AND CASUALTY COMPANY,
TIG INSURANCE COMPANY,
TRAVELERS INDEMNITY INSURANCE COMPANY,
TRUCK INSURANCE EXCHANGE,
TWIN CITY FIRE INSURANCE COMPANY,
UNITED SECURITY INSURANCE COMPANY,
UNITED STATES FIDELITY & GUARANTY COMPANY,
VALLEY FORGE INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
ZURICH SPECIALTIES LONDON LIMITED,

       Defendants.

## RECOMMENDATION OF SPECIAL MASTER TO

## DENY MOTION TO DISMISS [ DOC. 225]

Trinity Universal Insurance Company of Kansas, Inc, a Kansas Corporation, [Trinity] filed this civil action against subcontractor insurers who had a duty to defend D.R. Horton, Inc.. [Doc. 101] American Family Mutual Insurance Company [American Family] is a named defendant. Truck Insurance Exchange, an unincorporated association, [Truck] was also named as a defendant. American Family filed a Motion to Dismiss for Lack of Diversity Jurisdiction. [Doc. 225]. Trinity filed a Motion to Dismiss with prejudice Mid-Century and Truck [Doc. 566]. The Court granted the Motion to Dismiss [Doc. 592]. D.R. Horton and the DRH Insurers filed a Response to the Motion to Dismiss by American Family alleging the motion was moot. [Doc. 574]. Trinity filed a Limited Joinder in the D.R. Horton Response.[Doc. 573]. American Family filed its Reply. [Doc. 652].

## I. BACKGROUND

Trinity in its Amended Complaint seeking a declaratory judgment. The first claim for relief is to declare Trinity's policy void as to D.R. Horton. Trinity requests alternative against the defendant insurers. The First Alternative Claim for Relief seeks a "Declaration of Trinity's Right and Responsibilities Under the Policy". The Second Alternative Claim for Relief seeks "Allocation of Indemnification and Defense Costs". In the prayer clause Trinity seeks a declaratory judgment that Trinity "is only liable for the for that portion of D.R. Horton's defense expense that represents a fair allocation to limits among all parties who are or may have been responsible for the payment of such defense costs".[Doc. 101].

Trinity named Truck Insurance Exchange, an unincorporated association, as one of the

defendants. Trinity is a Kansas corporation. American Family filed a motion to dismiss based on lack of diversity jurisdiction because Trinity and Truck are residents of Kansas. [Doc. 225] Trinity reached a settlement with Truck and Mid-Century . Trinity filed a Motion to Dismiss with prejudice Truck and Mid-Century Insurance on September 5, 2008 [Doc. 566]. District Judge Miller granted the motion and dismissed Truck and Mid-Century with prejudice on September 11, 2008. [Doc. 592]

Prior to the dismissal of Truck and Mid-Century, the following defendants filed cross-claims against all co-defendants which included Truck and Mid-Century: (1) Travelers Indemnity Insurance Company (Travelers) [Doc. 137]; (2) St. Paul Fire & Marine Insurance Company (St. Paul)[Doc. 219]; (3) United States Fidelity & Guaranty (USF&G)[Doc. 285]; (4) Valley Forge Insurance Company (Valley Forge) [Doc. 447]; (5) National Fire Insurance Company of Hartford (National Fire)[Doc. 447]; and (6) Employers Mutual Casualty Company (EMC)[Doc. 468]. Travelers and St. Paul make claims for: (1) Equitable contribution and indemnity; (2) Equitable subrogation and indemnity; (3) Unjust enrichment; and (4) Declaratory judgment as to allocation. USF&G makes three claims, 1,2 & 4. Valley Forge and National Fire request a declaratory judgment as to their duty to defend and/or indemnify D.R. Horton and to allocate defense fees and costs/indemnity among the 'parties" hereto and EMC make claims for declaratory judgment that it does not owe any duty to D.R. Horton and requests attorney fees and costs from all "parties".

## II. MOTION TO DISMISS

American Family filed its Motion to Dismiss pursuant to 28 USC § 1332. It claims that Truck, as an unincorporated association, is a citizen in every state in which it has a member. Truck has members in Kansas. Because both Truck and Trinity are citizens of the state of Kansas, the U.S. District Court for the state of Colorado is divested of subject matter jurisdiction.

## III. STANDARD OF REVIEW

Fed. R. Civ. P 12(h)(3) provides "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action" The lack of jurisdiction cannot be waived by consent, inaction or stipulation of counsel. _Owen Equipment and Erection Company v.Kroger,_ 437 U.S. 365, 377 (1978); _Tuck v. United Services Automobile Association, 859 F. 2d 842, 844_ (10th Cir. 1988).

## IV. DISCUSSION

**Trinity Complaint - Diversity.**

In the pleadings and in oral argument, the parties do not dispute that Truck, as an unincorporated association, is a citizen of Kansas through its members. Trinity is a Kansas corporation. In _Tuck supra_ the Court held, after citing multiple authorities, that an unincorporated association citizenship is that of the individual members. United Services Automobile Association, (USAA) was the defendant in _Tuck._ After a judgment against it, USAA moved to dismiss because there was a lack of diversity because it was an unincorporated association. The court held: "...there is not complete diversity between the Plaintiff and the Defendant therefore subject matter jurisdiction was lacking." _Tuck, supra at_ 844-45. In this case, the law is well established that prior to the dismissal of Truck, this court did not have jurisdiction because of lack of diversity between Trinity and Truck. As stated in _Owen Equipment and Erection Company v. Kroger,_ 437 U.S. 365, 377 (1978),

> "But neither the convenience of litigants nor considerations of judicial economy can suffice to justify extension of the doctrine of ancillary jurisdiction to a

plaintiff's cause of action against a citizen of the same State in a diversity case. Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C § 1332 only when there is complete diversity of citizenship. *** To allow the requirement of complete diversity to be circumvented as it was in this case would simply flout the congressional command."

Without the dismissal of Truck, the Complaint must be dismissed for lack of diversity jurisdiction and the Motion to Dismiss granted.

**Dismissal of Truck and Mid-Century to cure diversity.**

Trinity and D.R. Horton reached a settlement with Truck and Mid-Century Insurance. Trinity moved to dismiss Truck and Mid-Century as a defendant [Doc. 566] which was granted with prejudice. [Doc. 592] None of the co-defendants filed an objection to the Motion to Dismiss Truck and Mid-Century nor objected to the Order of Dismissal.

The United Supreme Court has consistently held that where a named party destroys diversity, the Plaintiff may dismiss the dispensable party that destroys diversity and cure jurisdictional defect. *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 572-73 (2004); *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 833 (1989); *Tuck, supra* at 845.

By Dismissing Truck, Trinity has cured the jurisdictional diversity defect in the Complaint therefore the Motion to Dismiss should be denied.

**Cross-claims against Truck,**

Cross-claims pursuant to Fed. R. Civ. P. 13(g) by co-defendants against a party that does not have diversity does not destroy diversity jurisdiction under ancillary jurisdiction of the court providing certain conditions are met. *Ryan v. Schneider Nat. Carriers,* 263 F.3d 816, 819-20 (8th Cir 2001); *Scott v. Fancher,* 369 F.2d 842, 844 (5th Cir 1966). In *Owens, supra,* the court stated: "It

is true, as the Court of Appeals noted, that the exercise of ancillary jurisdiction over non-federal claims has often been upheld in situations involving impleader, cross-claims or counter-claims." Any cross-claim by a party must arise from a "common nucleus of operative facts" and have"logical dependence" to the original complaint where the parties had diversity. *Travelers Ins. Co. v. First National Bank of Shreveport,* 675 F.2d 633, 639 (5th Circuit 1982) (citing *Owens, supra*).

The cross-claim seek the same declaratory judgment as the Trinity complaint. Travelers companies have paid damages in the Underlying Action. Travelers and St. Paul have also paid an undisclosed portion of the defense costs. They seek as a part of declaratory judgment a determination whether the cross-defendants and Trinity have a duty to pay any amount they have paid D.R. Horton in excess of the allotment determined by the court. The cross-claims derive from the operative facts and are dependent on the Court's allocation, if any.

The cross-claims against Truck would not destroy diversity jurisdiction in accordance with *Owens, supra.*

## V. CONCLUSION

Trinity Universal Insurance Company of Kansas, Inc.'s complaint named Truck Insurance Exchange as a named defendant. Truck Insurance Exchange and Trinity Universal Insurance Company of Kansas, Inc. are citizens of Kansas. Pursuant to 28 U.S.C. §1332, the Court did not have jurisdiction because of the lack of diversity between the Plaintiff and Truck. Trinity cured the defect by dismissing Truck Insurance Exchange. The Motion to Dismiss is moot and should be denied.

**IT IS RECOMMENDED the Motion to Dismiss [Doc. 228] filed by American Family Mutual Insurance Company  be denied**.

Done this 12th day of January, 2009.

BY THE COURT

/s/ Donald E. Abram
Donald E. Abram, Special Master