IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00600-PAB-MJW

TRINITY UNIVERSAL INSURANCE COMPANY of KANSAS, INC.,

       Plaintiff,

v.

D.R. HORTON, INC.- DENVER D/B/A D.R. HORTON- TRIMARK SERIES,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY,
ASSURANCE COMPANY OF AMERICAN,
CONTINENTAL WESTERN INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,
FULCRUM INSURANCE COMPANY N/K/A GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,
INDIAN HARBOR INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
MARYLAND CASUALTY COMPANY,
MID-CENTURY INSURANCE COMPANY,
MOUNTAIN STATES MUTUAL CASUALTY COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,
ST. PAUL FIRE & MARINE INSURANCE COMPANY,
STATE FARM FIRE AND CASUALTY COMPANY,
TIG INSURANCE COMPANY,
TRAVELERS INDEMNITY INSURANCE COMPANY,
TRUCK INSURANCE EXCHANGE,
TWIN CITY FIRE INSURANCE COMPANY,
UNITED SECURITY INSURANCE COMPANY,
UNITED STATES FIDELITY & GUARANTY COMPANY,
VALLEY FORGE INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
ZURICH SPECIALTIES LONDON LIMITED,

       Defendants.

# RECOMMENDATION OF SPECIAL MASTER TO GRANT MID-CENTURY INSURANCE COMPANY AND TRUCK INSURANCE EXCHANGES MOTION TO DISMISS ALL CROSS-CLAIMS AGAINST MID-CENTURY INSURANCE AND TRUCK INSURANCE COMPANY [DOC. 623]

Cross-Defendants Mid-Century Insurance Company (Mid-Century) and Truck Insurance Exchange (Truck) reached a settlement with Trinity Universal Insurance Company of Kansas, Inc. (Trinity). Trinity filed a Motion to Dismiss Mid-Century and Truck with prejudice [Doc. 566]. District Judge Miller granted the Motion dismissing with prejudice Mid-Century and Truck. [Doc. 592]. Truck and Mid-Century remain in the action only as to cross-claims filed against co-defendants by Travelers Indemnity Insurance Company (Travelers)[Doc. 137]; St. Paul Fire & Marine Insurance Company (St. Paul)[Doc. 219]; United States Fidelity Guaranty Company (USF&G); Valley Forge Insurance Company (Valley Forge)[Doc. 447]; National Fire Insurance Company of Hartford (National Fire)[Doc. 447] and Employers Mutual Casualty Company (EMC)[Doc. 468]. Trinity and Mid-Century filed a Motion to Dismiss the cross-claims.[Doc. 623]

## I. BACKGROUND

D.R Horton was the general contractor of the residential condominium project known as St. Andrews at Plum Creek Condominiums located in Castle Rock, Colorado. (St. Andrews). In 2004, the St. Andrews Homeowners Association filed a civil complaint in Douglas County

District Court Case No. 04CV1638 against D.R. Horton for alleged defects and deficiencies in the construction of the St. Andrew's project.[Underlying Action] Horton then filed a Third Party Complaint against multiple subcontractors . It further made a demand to defend from sub-contractor insurance companies who endorsed D.R. Horton in their policies. Horton defended the Underlying Action and subsequently settled with the Home Owners Association. It then demanded indemnification or contribution from the subcontractor's insurance companies that had endorsed D.R. Horton as an additional insured.

Trinity endorsed D.R. Horton in it's policy. Trinity filed a complaint seeking declaratory judgment seeking a determination as to the validity of the endorsement to D.R. Horton or in the alternative to determine an allocation of the defense costs and indemnification against all of the subcontractor insurance companies. Trinity in its amended complaint has three claims for relief. First Alternative Claim for relief seeks a "Declaration of Trinity's Right and Responsibilities Under the Policy". The Second Alternative claim for Relief seeks "Allocation of Indemnification and Defense Costs". In the prayer clause it seeks a declaratory judgment that Trinity "...is only liable for that portion of D.R. Horton's defense expense that represents a fair allocation to limits among all parties who are or may have been responsible for the payment of such defense costs." [Doc. 101]

In response to the Trinity Complaint, certain defendants filed cross-claims against co-defendants. Truck and Mid-Century are not specifically named. They are included as a part of the named "Co-Defendant Insurers".

Travelers Indemnity Insurance Company (Travelers) pled four cross-claims against "Co-Defendant Insurers" as follows: (1) Equitable contribution and indemnity to the extent that Travelers paid more than its pro-rata share of defense costs and indemnification obligations

regarding the claims against D.R. Horton in the Underlying Lawsuit; (2) Equitable subrogation to the extent that Travelers paid more than its pro-rata share of defense costs and indemnification in the underlying lawsuit; (3) Unjust enrichment if Mid-Century or Truck breached a duty to defend and indemnify in the Underlying Lawsuit because Travers paid some of the defense and indemnification costs in the Underlying Lawsuit; (4) Declaratory judgment regarding Travelers rights and obligations for payment of defense fees, costs, and expenses incurred in the Underlying Lawsuit in relation to the other insurers that had a duty to provide D. R. Horton with indemnity and defense. It requests the Court "to allocate all defense costs and any indemnification among all parties who had a duty to defend and/or indemnify D.R. Horton in the Underlying Lawsuit based on theories of equitable contribution, equitable subrogation, unjust enrichment, and declare what duties each party had to render payment of indemnity and defense to Dr [sic} Horton in the Underlying Lawsuit." [Doc. 137]

St. Paul's cross-claims and prayer are identical that of Traveler's. [219].

USF&G seeks: " ...this Court to allocate all defense costs and any indemnification among all parties who had a duty to defend and/or indemnify D.R. Horton in the Underlying Lawsuit based on theories of equitable contribution, and equitable subrogation and declare what duties each party had to render payment of indemnity and defense to DR Horton in the Underlying Lawsuit". [Doc. 285]

National Fire and Valley Forge seek: "... this court determine whether it owed a duty to defend and/or indemnify D.R. Horton in the Underlying Action and, if so, to determine the extent of any such obligation and to allocate such defense fees and costs and/or indemnity amongst the parties hereto."[Doc. 447]

EMC seeks declaratory relied that it owes no duty to D.R. Horton to defend, to indemnify

or to pay indemnity damages because they fall outside the policy coverage. It's only claim against co-defendants is for "costs of the suit, all necessary and reasonable attorney's fees". [468]

## II. MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Mid-Century and Truck move to dismiss as moot all cross-claims against Truck and Mid-Century as Co -Defendants brought by Cross-Claimants Travelers, St. Paul, USF&G, Valley Forge, National Fire and EMC.[Doc. 623] Travelers, St. Paul and USF&G opposed the Motion to Dismiss.[Doc. 661]. EMC opposed the Motion to Dismiss by adopting the argument set forth in Doc. 661.[Doc. 667]

## III. STANDARD OF REVIEW

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "... enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 540 U.S. 544, 127 S.Ct. 1955, 1964 & 1974 (2007).* A court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court,* 87 F.3d 1161, 1164 (10th Cir. 1996).

## IV. DISCUSSION

A case is moot as to a party when the issues set forth in the pleadings are no longer "live" as to that party. *City of Erie v. Pap's A.M.,*529 U.S. 277, 287 (2000).

D.R. Horton in its response [Doc. 574] to the Motion to Dismiss by American Family [Doc. 225] raised the issue that the motion was moot because Truck had been dismissed with prejudice. D.R. Horton further stated that the Truck policy did not proved coverage to D.R.

Horton because of the "ongoing operations" clause in the policy. D.R. Horton does not seek recovery of attorney fees, cost and indemnification because Truck has no duty to defend or indemnify under its policy.

Truck and Mid-Century filed their Motion to Dismiss the cross-claims after the D.R. Horton response. Their motion extends D.R. Horton's argument that the Motion by American Family is moot to the cross-claims.

All of the co-defendants cross-claims request a declaratory judgment to allocate defense fees, cost and indemnity between co-defendants having a "duty to defend and/or indemnify D.R. Horton in the Underlying Lawsuit." The legal effect of the cross-claims is to determine an allocation between co-defendants who have a duty to D.R. Horton. Truck and Mid-Century have been dismissed with prejudice by Trinity and are no longer "co-defendants" in the Trinity complaint. D.R. Horton does not allege a cross-claim because Trinity owes no duty pay attorney fees, costs or indemnification under its policy. None of the co-defendants have in the pleadings or in their briefs provide any facts to establish a plausible claim against Truck and Mid-Century. As stated in <u>Bell, supra</u>, "this, the mere metaphysical possibility that *some* plaintiff couild prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." <u>Bell, supra at 1974.; Ridge at Red Hawk, L.L.C.,493 F.3d 1174, 1177 (10th Cir. 2007).</u>

Trinity and Mid-Century are no longer co-defedants. They have been dismissed with prejudice from Trinity's complaint and have no duty to D.R. Horton. A final declaratory judgment by the Court would have no practical legal effect as to Truck and Mid-Century. The issues set forth in the cross-complaints are moot as to Truck and Mid-Century. <u>Brown v.</u>

*Colorado Dept. of Corrections*, 915 P. 2d 1312,1313 (Colo. 1996); *Van Schaack Holdings, LTD.*,v. *L.C. fulenwider, Jr.*, 798 P. 2d 424, 426 (Colo. 1990).

## V. CONCLUSION

Truck Insurance Exchange and Mid-Century Insurance Co. have been dismissed with prejudice. They are no longer co-defendants as named in the cross-claims by Travelers, St. Paul, USF&G, National fire, Valley Forge and EMC.

**IT IS RECOMMENDED that Mid-Century Insurance Company and Truck Insurance Exchange's Motion to Dismiss All Cross-Claims [Doc. 623] be granted. Judgment should enter dismissing the cross-claims of Travelers Indemnity Insurance Company [Doc. 137]; St. Paul Fire & Marine Insurance Company [Doc. 258]; United States Fidelity Guaranty Company [Doc. 285]; Valley Forge Insurance Company [ Doc. 447]; National Fire Insurance Company of Hartford [Doc. 467] and Employers Mutual Casualty Company [Doc. 468] as they relate to Mid-Century Insurance Company and Truck Insurance Exchange.**

**Done this 12th day of January, 2009.**

**BY THE COURT**

**/s/ Donald E. Abram**

**Special Master**