IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00600-PAB-MJW

TRINITY UNIVERSAL INSURANCE COMPANY of KANSAS, INC.,


       Plaintiff,

v.

D.R. HORTON, INC.- DENVER D/B/A D.R. HORTON- TRIMARK SERIES,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY,
ASSURANCE COMPANY OF AMERICAN,
CONTINENTAL WESTERN INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,
FULCRUM INSURANCE COMPANY N/K/A GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA,
INDIAN HARBOR INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
MARYLAND CASUALTY COMPANY,
MID-CENTURY INSURANCE COMPANY,
MOUNTAIN STATES MUTUAL CASUALTY COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,
ST. PAUL FIRE & MARINE INSURANCE COMPANY,
STATE FARM FIRE AND CASUALTY COMPANY,
TIG INSURANCE COMPANY,
TRAVELERS INDEMNITY INSURANCE COMPANY,
TRUCK INSURANCE EXCHANGE,
TWIN CITY FIRE INSURANCE COMPANY,
UNITED SECURITY INSURANCE COMPANY,
UNITED STATES FIDELITY & GUARANTY COMPANY,
VALLEY FORGE INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
ZURICH SPECIALTIES LONDON LIMITED,

       Defendants.

_____

# RECOMMENDATION TO GRANT UNITED SECURITY INSURANCE COMPANY'S MOTION TO JOIN MARYLAND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT. [DOC. 687]

United Security Insurance Company (United Security) filed a Motion to Join Maryland Casualty Company's Motion for Judgment [Doc. 687]. Maryland filed a Motion for Summary Judgment [Doc. 351] and Brief [ Doc. 352]. Travelers Indemnity Insurance Company, St. Paul Fire & Marine Insurance Company and United States Fidelity & Guaranty Company (Travelers Entities) filed their Consolidated Response [Doc 698]. Trinity Universal Insurance Company of Kansas, Inc. (Trinity) joined in the Travelers Entities Response. [Doc. 699].

## I. BACKGROUND

The St. Andrews at Plum Creek Condominium Association (Association) filed a complaint against D.R. Horton, Inc and its subsidiary corporations in the in the Douglas County Court, State of Colorado. (Underlying Action). It alleged eight claims for relief because of defective design, development and construction of the project. D.R. Horton during the construction required subcontractors to name D.R. Horton and its subsidiary corporations as an "additional insured" in their liability policies. After the filing of the Underlying Action, D.R. Horton gave notice of the suit and tender of defense to some but not all of the subcontractors and their insurance companies. The D.R. Horton insurers (DRH) defended the Underlying Action and eventually settled with the Association. D.R. Horton and DRH sought recovery for the attorney fees, defense costs and indemnification. Trinity filed this declaratory action to declare the Trinity coverage to D.R. Horton as void *ab initio* or "In the alternative, Trinity should be liable for only that portion of D.R. Horton defense costs and indemnification that represents a

fair allocation to limits among all parties who are or may have been responsible for the payment of such defense costs." [¶ 170, Doc. 101]

United Security insured Dove Creek from February 25, 1997 through February 25. 2000. Dove Creek entered into its subcontract agreement with D.R. Horton on or about April 23, 1999, and performed work for D.R. Horton from June 10, 1999 through April 17, 2001. The work of Dove Creek was occurring during the United Security policy period.

United Security insured Pattony Excavating from July 11, 1999 through July 11, 2000. Pattony Excavating entered into its subcontract agreement with D.R. Horton on or about January 7, 2000 and performed work for D.R. Horton from January 24, 2000 through July 23, 2000. The work of Pattony Excavating was occurring during the United Security policy.

The United Security Additional Insured Endorsement in both policies reads as follows:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART.
>
> SCHEDULE
>
> **Who is An Insured (Section II)** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

## II. MOTION FOR SUMMARY JUDGMENT

United Security filed its Motion joining in the Motion for Summary Judgment filed by Maryland Casualty. United Security claims that it had no duty to defend and indemnify D.R. Horton because of the "ongoing operations" limitation in the additional endorsement in the policy United Security requests the Court to dismiss the Complaint of Trinity and all cross-claims of Co-Defendants.

## III. STANDARD OF REVIEW

Summary judgment should be granted where "there is no genuine issue as to any material fact and movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008)

Where the motion for summary judgment is to determine whether an insurance company has the duty to defend in an underlying lawsuit, the court should look no further than the four corners of the underlying complaint. *American Insurance Company v. O'Hara Center for Rehabilitation*, 529 F.3d 916, 921 (10th Cir. 2008); *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003)

## IV. DISCUSSION

The Association in its Underlying Complaint alleges in part as follows:

¶ 2. The Community's existing 86 units were completed in approximately June 2001.

¶21. In or about 1998, Horton became the developer and Declarant for the Projects and Community and assumed control of the Association's Board which control was exercised by Horton (through, among others, Francescon and Wilson) until approximately November 13, 2001.

¶45 On information and belief, these errors; deficiencies and defects, for which the Defendants are legally liable, have caused and continue to cause, actual property damage, loss of use and/or losses to the Association, and consequential damage to, and the loss of use of, various elements of the Project, <u>over time from the date those areas were first put to their intended use. The occurrence of this property damage and/or loss of use was unmanifested and unknown to the Association until it progressed to the point it was reasonably detectable to the Association.</u> (Emphasis added).

The parties agree that the court should not look any further than the four corners of the underlying complaint to determine if a duty to defend exists under United Security policy.

D.R. Horton has not filed any claim against United Security. D.R. Horton in Doc. 574 admits that where the insurance endorsement has an "ongoing operations" provision, there is no

duty to defend or indemnify D.R. Horton. It states as follows in Doc 574:

> Under the terms of the Truck policy (ongoing operations provision) issued to Johnson Diversified, there is no coverage to D.R. Horton for any property damage that was alleged to occur after Johnson Diversified's work was completed and/or put to its intended use. Recent Colorado law has determined that the additional insured endorsement at issue in the Truck policy only extends coverage to D.R. Horton to property damage that occurred during Johnson Diversified's ongoing operation and not its completed operation. *Weitz Co., LLC v. Mid-Century Ins. Co.,* 181 P.3d 309,315 (Colo. App. 2007) *cert. denied* (2008). Since St. Andrews Condominium Association in the underlying action alleged that the property damage did not begin until after the property was put to its intended use, there is no potential for coverage in favor of D.R. Horton under the Truck policy (pp 6-7)

The "ongoing operations" provision in the United Security policy is the same as in Truck, and Mid-Century policies. It also is identically the same "ongoing operations" clause considered in *Weitz* and *Royal Indemnity Company v. American Family Mutual Insurance Company*, 2008 U.S. Dist. LEXIS 70871 (D. Colo. 2008). (Judge Daniels) Judge Daniels held in *Royal Indemnity:* "I find that *Weitz* is directly on point and summary judgment is appropriate." *** " I conclude that the meaning of "arising out of ongoing operations" endorsement of the policy does not cover completed operations and American States and American Family had no duty to defend."

The operations of United Securities subcontractors were completed when the Association commenced putting the property to its intended use in approximately June 2001. (¶¶ 2 and 45, Underlying Complaint).

The co-defendants seek equitable subrogation from United Security if they have paid more in defense costs or indemnification than allocated by the court's decision in this declaratory action. The Colorado Supreme Court has held that an insurer can only recover defense costs under the theory of equitable subrogation if the other insurance company owes a duty to defend the insured. *Cotter Corp. v American Empire Surplus Lines Ins. Co.,* 90 P.3d 814, 834 (Colo 2004).

United Security has no duty to defend D.R. Horton because the cross-claimants stand in the shoes of D.R. Horton.

## V. CONCLUSION

I find that because United Security's endorsement is an "ongoing operations' endorsement to D.R. Horton. United Security had no duty to defend or indemnify D.R. Horton in the Underlying Complaint after the Association owners took possession and commenced to put the property to its intended use. *Weitz, supra* and *Royal Indemnity, supra* are directly on point. The cross-claimants have no right to pursue United Security for equitable subrogation when it has no duty to defend or indemnify D.R. Horton.

**IT IS RECOMMENDED** that United Security Insurance Company's Motion for Summary Judgment be granted. Judgment should enter dismissing the Complaint of Trinity Universal Insurance of Kansas, Inc [Doc. 101] and the cross-claims of Travelers Indemnity Insurance Company [Doc. 137]; St. Paul Fire & Marine Insurance Company [Doc. 258]; United States Fidelity & Guaranty Company [Doc 285]; Valley Forge Insurance Company [Doc.. 447]; National Fire Insurance Company of Hartford [Doc. 447] and Employers Mutual Casualty Company [Doc. 468].

Done this 29th day of January, 2009.

**BY THE COURT**

/s/ Donald E. Abram

Special Master