IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00600-PAB-MJW

TRINITY UNIVERSAL INSURANCE COMPANY of KANSAS, INC.,


       Plaintiff,

v.

D.R. HORTON, INC.- DENVER D/B/A D.R. HORTON- TRIMARK SERIES,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY,
ASSURANCE COMPANY OF AMERICAN,
CONTINENTAL WESTERN INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,
FULCRUM INSURANCE COMPANY N/K/A GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,
INDIAN HARBOR INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
MARYLAND CASUALTY COMPANY,
MID-CENTURY INSURANCE COMPANY,
MOUNTAIN STATES MUTUAL CASUALTY COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,
ST. PAUL FIRE & MARINE INSURANCE COMPANY,
STATE FARM FIRE AND CASUALTY COMPANY,
TIG INSURANCE COMPANY,
TRAVELERS INDEMNITY INSURANCE COMPANY,
TRUCK INSURANCE EXCHANGE,
TWIN CITY FIRE INSURANCE COMPANY,
UNITED SECURITY INSURANCE COMPANY,
UNITED STATES FIDELITY & GUARANTY COMPANY,
VALLEY FORGE INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
ZURICH SPECIALTIES LONDON LIMITED,

       Defendants.

# RECOMMENDATION TO GRANT MOTIONS FOR SUMMARY JUDGMENT BY MID-CENTURY INSURANCE COMPANY [DOC. 688] AND TRUCK INSURANCE EXCHANGE [DOC. 689]

Mid-Century Insurance Company (Mid-Century) and Truck Insurance Exchange (Truck) have filed Motions for Summary Judgment Re: Ongoing Operations. [Doc. 688] and [Doc. 689]. Travelers Indemnity Insurance Company, St. Paul Fire & Marine Insurance Company and United States Fidelity & Guaranty Company (The Travelers Entities) filed their Consolidated Response [Doc. 698]. Trinity Universal Insurance Company of Kansas, Inc (Trinity) gave Notice of No Opposition to the motions [Doc. 697].

## I. BACKGROUND

The Background set forth in the Recommendation to grant Mid-Century and Trucks Motion to Dismiss [Doc. 763] is incorporated by reference.

The undisputed facts are as follows:

Mid-Century insured Y-C Concrete from April 27, 2000 through April 27, 2001. Y-C Concrete entered into its subcontract agreements with D.R. Horton starting on or about February 17, 1998 and performed work for D.R. Horton from December 1, 1998 through May 8, 2000 (Doc. 698, Ex. 2). The work of Y-C Concrete was occurring during the Mid-Century policy period.

Truck insured Johnson Diversified from November 2, 1999 through November 2, 2001. Johnson Diversified entered into its subcontract agreements with D.R. Horton starting on or about December 16, 1999 and performed work for D.R. Horton from December 10, 1999 through August 21, 2001. The Johnson Diversified work was performed during the Truck policy period.

Both the Truck and Mid-Century additional insured schedule provides the following:

> "The following is added to Paragraph C. **Who Is An Insured** in the Businessowners Liability Coverage Form: 4. Any person or organization shown in the Schedule is also an insured, but only with respect to liability arising out of your ongoing operations performed for that insured.

Trinity filed a Motion to Dismiss Mid-Century and Truck with prejudice. [Doc. 566]. The Motion was granted and the insurance companies were dismissed from the Complaint. [Doc. 592]. Truck and Mid-Century then filed a Motion to Dismiss the cross-claims . [Doc. 623]. The Special Master recommended that the Motion be granted. [Doc. 746] The Traveler Entities have filed an objection to the recommendation of the Special Master. [Doc. 751].

## II. Motions for Summary Judgment

Truck and Mid-Century filed their Motion for Summary Judgment Re: Ongoing Operations. They rely upon the law of Colorado as set forth in *Weitz, Co., LLC v. Mid-Century Ins. Co.*, 181 P. 3d 309 (Colo. App. 2007) *cert, denied* (2008). They further rely on subsequent trial court decisions: *Royal Indemnity Company v. American Family Mutual Insurance Company,* 2008 U.S.Dist. LEXIS 70871 (D. Colo. 2008)(Judge Daniels); and Boulder District Court case *General Security Indemnity Company of Arizona f/k/a Fulcrum Insurance Company v. American Family Mutual Insurance Company.*[Doc. 352-9].

## III. STANDARD OF REVIEW

Summary judgment should be granted where "there is no genuine issue as to any material fact and movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Pelt v. Utah,* 539 F.3d 1271, 1280 (10th Cir. 2008).

Where the motion for summary judgment is to determine whether an insurance company had the duty to defend in an underlying lawsuit, the court should look no further than the four corners of the underlying complaint. *American Insurance Company v. O'Hara Center for Rehabilitation,* 529 F. 3d 916, 921 (10th Cir. 2008); *Cyprus Amax Minerals Co. V. Lexington Ins.*

*Co.*, 74 P.3d 294, 299 (Colo. 2003). The parties cannot utilize extrinsic evidence or facts outside the complaint. *McGowan v. State Farm Fire and Cas. Co.*, 100 P.3d 521, 523 (Colo. App. 2003).

## IV. DISCUSSION

The additional insured under the Mid-Century and Truck policies is D. R. Horton. D.R. Horton and Trinity have dismissed the insurance companies with prejudice. D.R. Horton in [Doc. 574] stated as follows:

> Truck issued "ongoing operations' endorsement on each of its policies issued to Johnson Diversified under which given the allegations of the underlying complaint and current status of Colorado law, Truck had no duty to defend D.R. Horton. (p.2)
>
> * * *
>
> Under the terms of the Truck policy issued to Johnson Diversified, there is no coverage to D.R. Horton for any property damage that was alleged to occur after Johnson Diversified's work was completed and/or put to its intended use. Recent Colorado law has determined that the additional insured endorsement at issue in the Truck policy only extends coverage to D.R. Horton to property damage that occurred during Johnson Diversified's ongoing operations and not its completed operations. *Weitz Co., LLC v. Mid-Century Ins. Co.*, 181 P.3d 309,315 (Colo. App 2007) *cert. denied (2008),* Since the St Andrews Condominium Association in the underlying action alleged that the property damage did not begin until after the property was put to its intended use, there is no potential for coverage in favor of D.R. Horton under the Truck policy. (pp. 6-7)

The "ongoing operations" provision by Mid-Century in this case is the same terminology in the Mid-Century policy in *Weitz.* The "ongoing operations" endorsement was at issue in the *Royal Indemnity* case. Judge Daniel held: "I find that *Weitz* is directly on point and summary judgment is appropriate." *** "I conclude that the meaning of "arising out of ongoing operations" endorsement of the policy does not cover completed operations and American States and American Family had no duty to defend or indemnify."

The Underlying Complaint by the Association at ¶45 alleges:

> On information and belief, these errors; deficiencies and defects, for which the Defendants are legally liable, have caused and continue to cause, actual property damage, loss of use and/or losses to the Association, and consequential damage to,

> and the loss of use of, various elements of the Project, over time from the date those areas were first put to their intended use the occurrence of this property damage and /or loss of use was unmanifested and unknown to the Association until it progressed to the point it was reasonably detectable to the Association.

The operations of the subcontractor were completed upon the Association putting the property to its intended use. As D.R. Horton held, Mid-Century and Truck had no duty to defend or indemnify D.R. Horton. As set forth in the Special Master Recommendation [Doc. 746], the cross-claims of the co-defendants are to determine an allocation of defense costs and indemnification among those insurance companies having a duty to D.R. Horton. The co-defendants seek equitable subrogation from Truck and Mid-Century if they have paid more in defense costs or indemnification than allocated by the court in the declaratory action. The Colorado Supreme Court in *Cotter Corp. v. American Empire Surplus Lines Ins. Co.,* 90 P.3d 814, 834 (Colo. 2004) held:

> Second, even if Cotter could rely on the doctrine of equitable subrogation, it could not recover defense costs from First State and American Empire because the insurance policies impose no duty to defend. The doctrine of equitable subrogation only permits recovery from other parties liable to the subrogor. *See Mid-Century Ins. Co. v. Travelers Indem. Co.,* 982 P 2d 310, 315 (Colo. 1999); *Millers' Mut. Ins Ass'n of Ill. v. Iowa Nat'l Mut. Ins Co.,* 618 F. Supp 301, 305-06 (D. Col. 1985). Therefore, for example, in the insurance context, an insurer can only recover from a third party an amount that the insured could have recovered from the third party. Here, however, a subrogee could not recover defense costs from First State and American Empire because their policies do not obligate them to defend Cotter.

D.R. Horton is the endorsed additional insured. It specifically states that Truck and Mid-Century have no duty to defend or indemnify it. The Cross-claimants standing in the shoes of D.R. Horton have no claims for defense costs or indemnity.

## V. CONCLUSION

I find that because the Mid-Century and Truck endorsement is an "ongoing operations" endorsement to D.R. Horton, they had no duty to defend or indemnify D.R. Horton in the

Underlying Complaint. *Weitz, supra* and *Royal Indemnity, supra* are directly on point. The cross-claimants have no right to pursue Mid-Century and Truck for equitable subrogation where Mid-Century and Truck have no duty to the insured, D.R. Horton.

**IT IS RECOMMENDED** that Mid-Century Insurance Company's Motion for Summary Judgment Re: Ongoing Operations [Doc. 688] and Truck Insurance Exchange's Motion for Summary Judgment Re: Ongoing Operations [Doc. 699] be granted. Judgment should enter dismissing the cross-claims of Travelers Indemnity Insurance Company [Doc. 137]; St. Paul Fire & Marine Insurance Company [Doc. 258]; United States Fidelity & Guaranty Company [Doc. 285]; Valley Forge Insurance Company [Doc. 447]; National Fire Insurance Company of Hartford [Doc. 447] and Employers Mutual Casualty Company [Doc 468].

Done this 28th day of January, 2009.

                                            **BY THE COURT**

                                            /s/ Donald E. Abram

                                            Special Master