# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00600-PAB

TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, INC.,

    Plaintiff,

v.

D.R. HORTON, INC. – DENVER d/b/a D.R. HORTON – TRIMARK SERIES, et al.,

    Defendants.

## ORDER OVERRULING OBJECTIONS AND ADOPTING RECOMMENDATION

**Brimmer, J.**

    This matter is before the Court on Travelers Indemnity Insurance Company, St. Paul Fire & Marine Insurance Company and United States Fidelity & Guaranty's Written Objections to Proposed Findings and Recommendations of Special Master [Docket No. 751] wherein defendants Travelers Indemnity Insurance Company, St. Paul Fire & Marine Insurance Company, and United States Fidelity & Guaranty (referred to herein as "the Travelers Entities") object to the recommendation of the Special Master to grant cross-claim defendants Mid-Century Insurance Company ("Mid-Century") and Truck Insurance Exchange's motion to dismiss all cross-claims against them [Docket No. 623].

    On August 25, 2008, this Court appointed a Special Master [Docket No. 547]. The Special Master was given authority to "[c]onduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on

dispositive motions." On January 12, 2009, Special Master Donald E. Abram filed a recommendation of Special Master ("the Recommendation") [Docket No. 746] recommending that the motion to dismiss all cross-claims filed by Mid-Century and Truck Insurance Exchange ("Truck") be granted.

On January 27, 2009, the Travelers Entities filed their objection to the Special Master's Recommendation. See Travelers Entities' Objection to Recommendation [Docket No. 751]. On January 29, 2009, Mid-Century and Truck filed a response to the Travelers Entities' objection. See Mid-Century and Truck's Response to the Parties' Objection to the Special Master's Recommendation [Docket No. 754]. Although Valley Forge Insurance Company ("Valley Forge"), National Fire Insurance Company of Hartford ("National Fire"), and Employers Mutual Casualty Company ("EMC") have also filed cross-claims against Mid-Century and Truck, see docket numbers 447 and 468, no other party has filed a response to the Recommendation.

## I. STANDARD OF REVIEW

Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). In this case, I have applied a *de novo* review to each part of the Recommendation.

## II. BACKGROUND

Mid-Century and Truck reached a settlement agreement with plaintiff Trinity Universal Insurance Company of Kansas, Inc. ("Trinity"), and D.R. Horton, Inc.—Trimark Series, American Int'l Specialty Lines Ins. Co. and National Union Fire Ins. Co. of Pittsburgh, PA (collectively, "D.R. Horton"). As a result of the settlement

2

agreement, Trinity has dismissed all of its claims against Mid-Century and Truck, and D.R. Horton has dismissed all of its claims against Mid-Century.[1]  Thus, Mid-Century and Truck remain in this action only as cross-defendants to cross-claims brought by: (1) Travelers Indemnity Insurance Company ("Travelers") [Docket No. 137]; (2) St. Paul Fire & Marine Insurance Company ("St. Paul") [Docket No. 219]; (3) United States Fidelity Guaranty Company ("USF&G") [Docket No. 285]; (4) Valley Forge Insurance Company ("Valley Forge") [Docket No. 447]; (5) National Fire Insurance Company of Hartford ("National Fire") [Docket No. 447] and (6) Employers Mutual Casualty Company ("EMC") [Docket No. 468].  Mid-Century and Truck's motion to dismiss seeks an order from the Court dismissing all of the cross-claims brought against Mid-Century and Truck as moot, thereby resulting in the complete dismissal of Mid-Century and Truck from this action.

### III. EXISTENCE OF A "LIVE" CONTROVERSY

The Recommendation concludes, in part, that the cross-claims against Mid-Century and Truck are moot and, as a result, there is no longer a live case or controversy.  Recommendation at 5-6.  The Travelers Entities object to this portion of the Recommendation on the grounds that their claims against Mid-Century and Truck have not been resolved by the aforementioned settlement and are, for that reason, still viable.  Travelers Entities' Objection to Recommendation [Docket No. 751] at 7.  Mid-Century and Truck concur with the Special Master's conclusion that there is no longer a live controversy, noting that "D.R. Horton has agreed that it will accept all risks involved

---

[1] D.R. Horton did not plead any claims against Truck.

3

should the Court apportion a greater amount of liability to Mid-Century and/or Truck than provided in their settlement payments to D.R. Horton." Mid-Century and Truck's Motion to Dismiss [Docket No. 623] at 8. No party has disputed this characterization of the settlement agreement that resulted in Trinity's dismissal of its claims against Mid-Century and Truck.

Article III limits a federal court's jurisdiction to "cases and controversies." U.S. Const. art. III, § 2, cl. 1. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008), quoting *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005). In the context of declaratory relief, such as is sought here, the Tenth Circuit has held that "we look beyond the initial controversy which may have existed at one time and decide whether the facts alleged show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.,* quoting *Beattie v. United States*, 949 F.2d 1092, 1094 (10th Cir. 1991).

The settlement between Trinity and Mid-Century and Truck has reduced the cross-claims of the Travelers Entities to mere theoretical possibilities. The Travelers Entities acknowledge as much when they state in their objection that "the final declaratory judgment *could have* a practical legal effect as to Truck and Mid-Century's claims in relation to the claims asserted by the Travelers Entities, and their ability to collect any overpayment, *no matter how small*. . . ." Travelers Entities' Objection to Recommendation [Docket No. 751] at 7 (emphasis added). As stated by Mid-Century

and Truck, and not disputed by the Travelers Entities, "D.R. Horton will not seek additional amounts from the other parties to compensate for any loss it may have received by accepting the settlement with Mid-Century and Truck." Mid-Century and Truck's Motion to Dismiss [Docket No. 623] at 8-9. Given the remoteness of the Travelers Entities' liability to D.R. Horton, their cross-claims against Mid-Century and Truck do not create a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See Chihuahuan Grasslands Alliance*, 545 F.3d at 893.

Whether or not the Travelers Entities' cross-claims meet the Article III "case or controversy" standard does not answer the question of whether the Court has jurisdiction over them. Congress has generally provided supplemental jurisdiction over ancillary claims, *see* 28 U.S.C. § 1367, and courts have not required that such ancillary claims have an independent constitutional basis (such as an Article III "case or controversy"). *See Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 1004 (2002) (holding that 28 U.S.C. § 1367 provides an independent ground for subject matter jurisdiction if the ancillary claims derive from a common nucleus of operative fact over which the court has subject matter jurisdiction); *Mendoza v. Zirkel Fruit Co.*, 301 F.3d 1163, 1173-1174 (9th Cir. 2002) (discussing the constitutionality of supplemental jurisdiction under § 1367). The Travelers Entities' cross-claims fall within the common nucleus of operative fact of Trinity and D.R. Horton's claims. Thus, even though the cross-claims are not constitutionally sufficient as an independent jurisdictional basis given their contingent nature, they are nonetheless appropriate claims over which the Court can exercise supplemental jurisdiction.

## IV. WHETHER MID-CENTURY AND TRUCK ARE INDISPENSABLE PARTIES

As the foregoing discussion makes clear, the Travelers Entities' cross-claims against Mid-Century and Truck depend on the remote contingency that the Travelers Entities will incur liabilities that D.R. Horton does not contractually cover should the Court apportion a greater amount of liability to Mid-Century and Truck than provided in their settlement with Trinity. Pursuant to Rule 21 of the Federal Rules of Civil Procedure, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Given that Mid-Century and Truck are not indispensable parties, it is within the Court's discretion to dismiss them from this case. *See Jett v. Phillips & Associates*, 439 F.2d 987, 989-990 (10th Cir. 1971). Given Mid-Century and Truck's peripheral relationship to the remaining claims in this litigation, it is just and proper to dismiss them from the case.

This Court agrees, albeit on a different ground, with the Special Master's Recommendation that Mid-Century and Truck's motion to dismiss be granted.

Wherefore, it is

**ORDERED** that, for the reasons stated herein, the Court **ADOPTS** the Special Master's Recommendation [Docket No. 746] to grant Cross-Defendants Mid-Century Insurance Company and Truck Insurance Exchange's Motion to Dismiss All Cross-Claims Against Mid-Century Insurance Company and Truck Insurance Exchange [Docket No. 623]**.** It is further

**ORDERED** that Mid-Century Insurance Company and Truck Insurance Exchange, and all cross-claims asserted against them, are dismissed.

DATED March 16, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge