# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00600-PAB

TRINITY UNIVERSAL INSURANCE COMPANY of KANSAS, INC.,

       Plaintiff,

v.

D.R. HORTON, INC.- DENVER D/B/A D.R. HORTON- TRIMARK SERIES,
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY,
ASSURANCE COMPANY OF AMERICAN,
CONTINENTAL WESTERN INSURANCE COMPANY,
EMPLOYERS MUTUAL CASUALTY COMPANY,
FULCRUM INSURANCE COMPANY N/K/A GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,
INDIAN HARBOR INSURANCE COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY,
MARYLAND CASUALTY COMPANY,
MID-CENTURY INSURANCE COMPANY,
MOUNTAIN STATES MUTUAL CASUALTY COMPANY,
NATIONAL FIRE INSURANCE COMPANY OF HARTFORD,
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,
ST. PAUL FIRE & MARINE INSURANCE COMPANY,
STATE FARM FIRE AND CASUALTY COMPANY,
TIG INSURANCE COMPANY,
TRAVELERS INDEMNITY INSURANCE COMPANY,
TRUCK INSURANCE EXCHANGE,
TWIN CITY FIRE INSURANCE COMPANY,
UNITED SECURITY INSURANCE COMPANY,
UNITED STATES FIDELITY & GUARANTY COMPANY,
VALLEY FORGE INSURANCE COMPANY,
ZURICH AMERICAN INSURANCE COMPANY,
ZURICH SPECIALTIES LONDON LIMITED,

       Defendants.

# RECOMMENDATION TO GRANT CONTINENTAL WESTERN INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT [DOC. 719]

The Defendant/ Cross Claim Defendant Continental Western Insurance Company (Continental Western) filed a Motion to Join in Maryland Casualty Insurance Company's Motion for Summary Judgment. [Doc. 665]. Trinity Universal Insurance Company of Kansas, Inc. (Trinity) filed a response.[Doc 696]. Continental Western filed a Motion to Clarify [Doc. 710] and Reply [Doc. 711]. Continental Western then filed a Motion for Summary Judgment [Doc. 719] and Brief [Doc. 722]. Trinity filed a Motion to Strike the Motion for Summary Judgment and Alternative Response.[Doc. 733]. Traveler Entities filed a Response [734]. The Motion for Summary Judgment [Doc. 719] includes the same issues set forth in the Motion to Join.

## I. BACKGROUND

The St. Andrews at Plum Creek Condominium Association (Association) filed a complaint against D.R. Horton, Inc. in the Douglas County District Court of Colorado. [Doc. 352-2]. D.R. Horton gave notice of the suit and tender of defense to TDB Concrete, Inc., Continental Western Insurance Company and Trinity Universal Insurance Company of Kansas, Inc.

TDB Concrete, Inc. entered into a contract with D.R. Horton, Inc. doing business as Trimark Communities on September 14, 2000. TDB was to provide concrete flatwork at St. Andrews at Plum Creek construction. [Doc. 696-4]. The contract provided that TDB would carry a "Broad Form Commercial General Liability policy. Continental Western issued a Commercial General Liability policy with an "ongoing operations" clause for a period of September 7, 2000 to September 7, 2001. Trinity Universal Insurance Company of Kansas, Inc. issued a CGL policy to

TBD from September 1, 2001 to September 7, 2004 with D.R. Horton as an additional insured.

D.R. Horton made a demand on TDB in the Underlying Action to defend on claims for work performed by TDB. Continental Western and Trinity paid to D.R. Horton $130,000 on behalf of TDB. As consideration of the payment of the payment, D.R. Horton executed a Release and Settlement Agreement of all claims to TDB. [Doc. 693-3]. In ¶ 4, Trinity was explicitly not released from an obligation it had under it's policy. Trinity acknowledged it had a duty to reimburse D.R. Horton for fees and costs incurred in defending against the underlying action. Continental Western did not enter into such an agreement and was not excluded from the general release.

It is admitted by Trinity that the Underlying Complaint by Plum Creek alleges that the 88 condominium units were completed in approximately June 2001 [¶ 2] ; D.R. Horton conveyed control of the Association on November 13, 2001 [¶ 21] and that the damages were discovered by the Association after the property was put to their intended use.[¶ 45].

## II. MOTION TO JOIN AND MOTION FOR SUMMARY JUDGMENT

Continental Western filed a Motion to Join Maryland Casualty's Motion for Summary Judgment. Continental Western issued a Commercial General Liability policy to TDB Concrete, Inc. with D.R. Horton, Inc as an additional insured. The policy limits the liability to "ongoing operations" and "occurrences" during the policy period. Continental Western than filed a Motion for Summary Judgment raising the additional defense that D.R. Horton, Inc released TDB Concrete, Inc and Continental Western from liability and the duty to defend in the underlying lawsuit of The St. Andrews at Plum Creek Condominium Association.

## III. STANDARD OF REVIEW

Summary judgment should b e granted where "there is no genuine issue as to any material fact and movant is entitled to a judgment as a matter of law. Fed. R. Civ. P.56(c); *Pelt v. Utah,* 539 F.3d 1271, 1280 (10th Cir. 2008).

Where the motion for summary judgment is to determine whether an insurance company has the duty to defend in an underlying lawsuit, the court should look no further than the four corners of the underlying complaint. *American Insurance Company v. O'Hara Center for the Rehabilitation,* 529 F.3d 916, 921 (10th Cir. 2008); *Cypress Amax Minerals Co. v. Lexington Ins. Co.* 74 P.3d 294, 299 (Colo. 2003).

## IV. DISCUSSION

**A. Release and Settlement Agreement.**

TDB Concrete, Inc. entered into a contract with D.R. Horton, Inc. doing business as Trimark Communities on September 14, 2000. TDB was to provide concrete flatwork at St. Andrews at Plum Creek. [Doc. 696-4] The contract provided that TDB was to carry a "Broad Form Commercial General Liability Insurance on a Occurrence Form" with D.R. Horton as an "additional insured".[Doc. 696-4, ¶ 12] Continental Western issued a Commercial General Liability Policy for a period from September 7, 2000 to September 7, 2001. [Doc. 696-2]. Trinity provided a CGL policy to TDB from September 7, 2001 to September 7, 2004. [Doc. 101, Trinity Complaint]

After St. Andrews filed a complaint in the Douglas County District Court, D.R. Horton entered into a Release and Settlement Agreement with TDB Concrete, Inc and its insurers. [Doc. 696-3]. Continental Western and Trinity jointly paid $130,000 to release TDB from any further claims by D.R. Horton. The Settlement Agreement provides in part:

> 2. Horton, on behalf of itself and its related entities, ....insurers, attorneys,...completely releases and forever discharges TDB Concrete, its related

> and affiliated entities ...from any and all past present and future claims, demands, obligations, actions, causes of action, rights, damages, costs, losses, expenses, interest and attorneys' relating to or arising from, in any way:
> a. The claims which were or which could have been asserted in the Lawsuit; and
>
> b. TDB Concrete's work, services or materials for the Project.
>
> 3. Horton acknowledges and agrees that the releases and discharges set forth above are full and final releases of TDB Concrete of all claims identified relating to the Project and the Lawsuit, including all claims for latent or undiscovered defects or damages, and Horton expressly waives, releases and assumes the risk of any and all claims for further losses, damages, expenses, <u>attorneys' fees</u>, defects, developments or complications, foreseen or unforeseen, ... it being agreed that part of the motivation and consideration for this Agreement is its conclusive effect between Horton and TDB Concrete.
>
> * * *
>
> 6. Horton represents and warrants that it has the authority to settle and release the claims identified herein and that it has obtained any necessary consent from its insurers, primary or excess, to do so. In the event that any insurer of Horton makes a claim or institutes any form of legal action against TDB Concrete to assert claims, losses or damages subject to the terms of this Agreement, Horton will defend and indemnify TDB Concrete against any such claim or legal action.

In ¶ 4 of the Agreement, Horton does not release Trinity of obligations it has to Horton. Horton and Trinity then enter into another agreement as follows:

> "The parties acknowledge that Trinity Universal Insurance Company of Kansas has agreed to reimburse Horton for a portion of Horton's attorneys' fees and costs incurred in defending against the underlying first-party action in the Lawsuit. Any further agreements between Trinity Universal Insurance Company of Kansas and Horton shall be negotiated and settled separate and apart from this Agreement."

Public and judicial policies favor settlement of disputes which are fairly reached between parties. Even partial settlements are encouraged. <u>Stubbs v. Copper Mountain, Inc., 862 P.2d 978, 982 (Colo. App. 1993)</u> <u>cert. denied, (1993).; Davis v. Flatiron Materials Co., 182 Colo. 65, 71, 511 P.2d. 28, 30 (1973).</u> There is no dispute that Continental Western and Trinity negotiated a settlement on behalf of TDB with D.R. Horton. $130,000 was paid for the settlement with both insurance companies contributing to the payment. As a part of the settlement, Trinity agreed that

it would not be released and entered into a specific agreement to reimburse D.R. Horton for costs and attorney fees related to the St. Andrew's lawsuit. Their was no similar provision in the Agreement as to Continental Western.

The Agreement was a general release. A general release relinquishes all claims for consideration. Once the claims were released, D.R. Horton and its insurers (DRH) are barred from seeking further relief from TBD and its insurance company, Continental Western. *Artery v. Allstate Ins. Co.,* 984 P.2d 1187,1191 (Colo. App. 1999). D.R. Horton and Trinity had the right to execute a general release for TBD but reserve Horton's claims for reimbursement from Trinity. *Id.* 1191; *Cingoranelli v. St. Paul Fire & Marine Insurance Co.,* 658 P.2d 863 (1983).

Construing the release to effectuate the intention of D.R. Horton and TBD, TBD and Continental Western were released from all claims of D.R. Horton and its insurers as to reimbursement for attorneys fees and costs for defending the Underlying Action. *Artery, id.; Neves v. Potter,* 769 P.2d 1047 (Colo. 1989). Pursuant to ¶ 4, Trinity was excluded from that release and entered into an agreement that it was responsible for reimbursing D.R. Horton for reasonable attorneys fees and costs to be determined at a later date.

**B. Ongoing Operations Clause**

TDB Concrete was required to be insured with a Commercial General Liability policy using the Occurrence Form. D.R. Horton was be named an "additional insured." [Doc. 696-4]

The Continental Western policy [Doc. 696-2] under the title "Additional Insured-Owners, Lessees or Contractors - Automatic Status When Required in Construction Agreement with You" provides:

> A. Who is An Insured is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your

policy. Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured. A person's or organization's status as an insured under this endorsement ends when your operations for that insured are completed.

The Designated Construction Project policy provision provides in sections A and B:

For all sums which the insured becomes legally obligated to pay as damages caused by "occurrences" under COVERAGE A(SECTION 1), which can be attributed only to ongoing operations at a single designated construction project shown in the Schedule above:

<u>Weitz Co., LLC v.Mid-Century Ins. Co.,</u> 181 P.3d 309, 315 (Colo. App. 2007 <u>cert. denied 2008)</u> and <u>Royal Indemnity Company v. American Family Mutual Insurance Company,</u> 2008 U.S. Dist. LEXIS 70871 (D. Colo. 2008) have held that the duty to defend or indemnify end when the work is completed where the policy is limited to an "ongoing operations" clause. The Continental Western policy is an "occurrence" policy as required by the TDB contract with D.R. Horton. The law is well established in Colorado that under an "occurrence" policy, coverage only applies when the damage occurs during the policy period. <u>Royal Indemnity Company, supra; Globe Indemnity Co. v. Travelers Indemnity Company of Ilinois,</u> 98 P.3d 971, 974 (Colo. App. 2004); <u>Leprino v. Nationwide Property and Casuaulty Co.</u>, 89 P.3d 487, 490 (Colo. App. 2003) <u>cert. denied (2004).</u>

According to the Underlying Complaint [Doc. 352-2], the condominium units were completed approximately in June 2001(¶ 2). D.R. Horton turned over control of the Association to the owners on November 13, 2001.(¶ 21). The occurrence of damage was unmanifested and unknown until progressed and detected by the Association. Continental Western insured TDB from September 1, 2000 to September 1, 2001. The Association was transferred to the owners in November 2001 and the damages were detected at a later date by the owners. Continental Western had no duty to defend because the occurrence occurred after the policy expired. <u>Adair</u>

*Group, Inc. v. St. Paul Fire and Marine Ins. Co.*, 477 F.3d 1186, 1188 (10th Cir. 2007); *Leprino, supra.*

**C. Cross-claims.**

Cross-claims have been filed by Travelers Entities (Travelers Indemnity Insurance Company [Doc. 137]; St. Paul Fire & Marine Insurance Company [Doc. 258]; United States Fidelity & Guaranty Company [Doc. 285]; ); Valley Forge Insurance Company [Doc. 447]; National Fire Insurance Company of Hartford [ Doc. 447] and Employers Mutual Casualty Company [Doc. 468]. The claims seek equitable subrogation and indemnity if they have paid more in defense costs than allocated by the court's decision in this case. The cross-claimants can only recover under the theory of equitable subrogation if Continental Western has a duty to defend D.R. Horton. *Cotter Corp. v. American Empire Surplus Lines Ins. Co.,* 90 P.3d 814, 834 (Colo. 2004); *Constitution Associates v. New Hampshire Ins. Co.,* 930 P.2d 556 (Colo. 1996). Where there is no duty to defend, there is no duty to indemnify. *Cotter, supra; TerraMatrix, Inc. v. United States Fire Ins. Co.,* 939 P.2d 483, 488 (Colo App. 1997).

Continental Western has been released from a duty to defend D.R. Horton. It had no duty to defend D.R. Horton under the occurrence policy and no duty to indemnify the insurance companies that had a duty to D.R. Horton.

**CONCLUSION**

D.R. Horton, Inc entered into a general Release and Settlement of Claims of TDB Concrete, Inc. and Continental Western Insurance Company. The release includes payment of any attorneys' fees and costs by D.R. Horton for the defense of the Underlying Action. Continental Western also had no duty to defend because the policy was an "occurrence" policy with an

"ongoing operations" provision. The discovery of damages occurred after the termination of the Continental Western policy with TDB Concrete.

**IT IS ORDERED** as follows:

Continental Western's Motion to Clarify [Doc. 710] is granted.

Trinity's Motion to Strike [733] is denied.

**IT IS RECOMMENDED** that Continental Western Insurance Company's Motion to Join in Maryland Casualty Insurance Company's Motion for Summary Judgment [Doc.665] and Motion for Summary Judgment [Doc. 719] be granted. Judgment should enter dismissing the Complaint of Trinity Universal Insurance Company of Kansas, Inc.[Doc. 101] and the cross-claims of Travelers Indemnity Insurance Company [Doc. 137]; St. Paul Fire & Marine Insurance Company [Doc. 258]; United States Fidelity & Guaranty Company [ Doc. 285]; Valley Forge Insurance Company [Doc. 447]; National Fire Insurance Company of Hartford [ Doc. 447] and Employers Mutual Casualty Company [Doc. 468].

**IT IS ORDERED** that the Motion to Strike Continental Western Insurance company's Motion for Summary Judgment for failure to comply with local rules of pleading is denied.

Done this 13th day of March, 2009.

                **BY THE COURT**

                **/s/ Donald E. Abram**

                **Special Master**